JOHN MARSTON *versus* JOHN W. MARSTON.

Where a mortgagee has acquired the title of the mortgager, it is tantamount to a foreclosure.

If the value of the property mortgaged and foreclosed, be not equal to the sum due on the notes secured by the mortgage, the holder has a claim on the maker and indorser of the notes, for the balance.

ASSUMPSIT against the defendant, as guarantor and indorser of a promissory note for $150, dated Nov. 21, 1853, payable to the defendant, and by him indorsed and guarantied on the back in the following words:—" I hold myself responsible for the payment of the within note, agreeable to the mortgage by which the note is secured. (Signed,) John W. Marston."

At the trial, before MAY, J., the signatures were admitted; also, demand and notice in due form. It appeared in evidence, offered by the defendant, that the note in suit was the third of a series of seven notes, six for one hundred and fifty dollars, and one for one hundred dollars, amounting in all to one thousand dollars, all of same date, and secured by a mortgage of real estate in Falmouth, given by D. D. Nichols, the

maker, to said defendant; which mortgage is dated November 21, 1853.

The defendant assigned said mortgage and indorsed and guarantied said notes to the plaintiff, for a valuable consideration, in the manner aforesaid, March 6, 1854.

The defendant offered in evidence a warranty deed in common form, from said D. D. Nichols to William H. Wilson, dated October 20, 1856, duly recorded, for the consideration appearing in the deed, of one hundred dollars. Also, an assignment of said mortgage from the plaintiff, dated January 29, 1857.

D. D. Nichols, called by the defendant, testified that he was the maker of said mortgage and notes secured thereby; that the plaintiff urged him for payment of the mortgage debt, and threatened to, and finally did, give notice to foreclose; that various negotitaions were entered into between them as to the plaintiff's releasing his claim upon the property; that the witness offered him, at one time, $900; and, at another, $900, and an additional hundred dollars out of his shop, but these negotiations amounted to nothing, and no bargain was made; that, afterwards, the witness agreed to leave the premises in thirty days; and that the plaintiff told him that said Wilson was going to take the premises at the end of that time; that witness went to Bath, the residence of the plaintiff, to see him about the business; that the plaintiff expressed his surprise that witness had not left and that Wilson had not taken possession; that, a few days afterwards, the plaintiff came to Falmouth and the witness told him he could do nothing, and plaintiff then went to see Wilson.

William H. Wilson, called by defendant, testified that he was acquainted with the plaintiff a short time before he took the deed from Nichols, that he told the plaintiff the most he would give for the place; that he went to Portland and took the assignment of the mortgage and a transfer of all the notes, except the note in suit, which the plaintiff retained; that he still holds the notes and mortgage undischarged; that the consideration of the warranty deed from Nichols to him

was, that he, (Nichols,) should remain till spring on the place; that at, or about, the time he took the deed from Nichols, he bargained with the plaintiff for the transfer of the mortgage and notes, afterwards transferred for $1000, and paid him $600, at the time taking an agreement from the plaintiff to transfer the same when the balance was paid, and that he paid said balance on said 29th of the next January; that he did not agree to take up all the notes, but he was only to take up the notes to the amount of one thousand dollars and no more; that a thousand dollars was the full value of the mortgaged property. The case was taken from the jury by consent of parties, to be submitted to the full Court, upon report of the evidence, or so much of it as may be admissible, and judgment to be entered, either by nonsuit or default, as the rights of the parties demand.

The case was argued by

*Fessenden & Butler,* for plaintiff, and by

*Cilley,* for defendant.

The opinion of the Court was drawn up by

TENNEY, C. J.—On Nov. 21, 1853, D. D. Nichols conveyed to the defendant, in mortgage, certain real estate for the security of the sum of $1000, for which he gave seven promissory notes of hand, one payable in one year from date, and the others in successive years afterwards, with interest. Six of these notes were for the sum of $150 each, and the other, which was payable in seven years, for the sum of $100. The mortgage was assigned, and the notes transferred to the plaintiff on March 6, 1854, by the defendant, who made upon each of the notes, over his signature, the following:—" I hold myself responsible for the payment of the within note, agreeable to the mortgage, by which this note is secured."

On or about Oct. 20, 1856, no payment having been made on the notes, the plaintiff entered into a contract with William H. Wilson to transfer all the notes, excepting the one which was to become payable in three years from date, and the same

Marston *v.* Marston.

now in suit, and the mortgage, for the consideration of the sum of $1000, and received the sum of $600 at that time, the transfer to be made when the balance should be paid. The transfer of the notes and the mortgage, in pursuance of the contract, was made on January 29, 1857; and, in that assignment of the mortgage, the plaintiff stipulated that he was to hold no right or title in and to said real estate, as security for the note so retained.

By the evidence, the value of the mortgaged premises at the time of the transfer of the mortgage to Wilson was the sum of $1000, and no more. It is admitted, that demand upon the maker of the note in suit and notice of the non-payment was made and given in due form.

The counsel for the defendant contends that, upon a proper construction of the writing signed by the defendant upon the back of the note, if payment cannot be obtained by the plaintiff in full from the mortgage, he is bound to pay the balance and no more.

The defendant was not privy to any of the proceedings touching the transfers of the notes and the mortgage, conveyance of the right in equity of redeeming the premises, &c. The construction, therefore, to be given to the contract on the back of the note, independent of those proceedings, is to determine the question, whether or not the defendant is liable, and, if liable, to what extent.

An unqualified indorsement of the note by the defendant, at the time the one in controversy was made, with such demand and notice as is required ordinarily to fix the liability of an indorser, would render him liable on this note in the same manner that he would be if the mortgage had not been given.

But he contracts that he will be responsible for the payment, agreeably to the mortgage by which the note is secured. The design, in the use of this language, is not very apparent. The note described in the mortgage corresponds with that in suit in every particular. By the condition of the mortgage, if the maker did not make payment of all the notes, the deed

was to be absolute. And the argument of the defendant's counsel is, that, as the maker of the note was not bound by any thing in the mortgage alone, to make payment, if he chose to forfeit the estate described therein, the defendant intended to put himself in that condition and no other. We think this view cannot be admitted. The mortgager had the right to three years, from the time possession should be taken for condition broken of the mortgaged premises, in which to redeem. The condition could not be broken before the lapse of one year from the date of the notes; and, if two notes payable in one and two years from date should be paid, possession for condition broken by the non-payment of the note in suit could not be taken until three years from the date of the notes had expired. Hence, the mortgage would be open for the term of three years, at least, from the time when this note matured. And, during this period, the holder could not make the mortgage deed absolute, or enforce payment from the defendant of the note in suit. And, all the seven notes having been indorsed in the same terms by the defendant, the liability on this construction could not be fixed till there should be a foreclosure, which might be postponed for three years, at least, after the maturity of the note for the sum of $100. Such a result is not reasonable, and is unauthorized by the indorsement itself.

But, upon the construction contended for in defence, the plaintiff must prevail. Wilson became the owner of the mortgagee's title on Jan. 29, 1857. He had previously acquired the right of the mortgager. The defendant was a stranger to both these interests, and to the conveyances thereof he could make no objection. The union of these titles in Wilson may be treated as tantamount to a foreclosure of the mortgage, and was payment of the notes to the amount of the value of the premises. *Haynes* v. *Wellington*, 25 Maine, 458. The balance was a personal claim against the maker of the note, and the defendant, as indorser. The sum due upon the notes, on Jan. 29, 1857, was not far from $1190. There being no evidence that the mortgager had not continued in

possession, no deduction could be made for rents and profits. The balance, over and above the value of the premises, (being the sum of about $190,) of the amount due on the notes, is still outstanding and unpaid. This is a greater amount than that of the note in suit. *Defendant defaulted.*

HATHAWAY, MAY, GOODENOW, and DAVIS, J. J., concurred.