POWESHIEK COUNTY v. DENNISON *et al.*

1. **Mortgage:** FORECLOSURE FOR INSTALLMENT. Foreclosure for an installment due before the principal amount, and a sale of the property thereunder, exhausts the remedy of the creditor in this respect, and passes a clear and absolute title to the purchaser.

2. —— The same rule prevails as to the foreclosure of a title bond, for installments due.

*Appeal from Poweshiek District Court.*

THURSDAY, MARCH 20.

THIS action is brought to foreclose a school-fund contract, which is as follows:

" Contract made and entered into between Wm. H. Barnes as school fund commissioner for the county of Poweshiek, Iowa, and Samuel M. Dennison, witnesseth, that the said school fund commissioner has bargained and sold, and by these presents does bargain and sell to the said Dennison, the following described land, being a portion of section numbered sixteen granted to the State for the use of the schools by an act of congress, viz.: the south-east one-fourth of section 16, in township 81, range 16. The price agreed upon $1$\frac{87}{100}$ per acre, amounting to $300; the one-fourth of which, $75, has been paid in cash, and the balance, $225, secured by a promissory note of even date herewith, payable on or before ten years from date, bearing interest at ten per cent per annum, payable annually on the 1st of January. Now, if the said Dennison shall pay or cause ·to be paid the interest on said note as the same becomes due, and the principal, within the time specified, then he will be entitled to receive from the governor of Iowa, a patent for the land herein described. In case of a failure to make any of the payments aforesaid, punctually as stipulated, all previous payments shall be considered forfeited, and the land be subject to sale by the school fund commissioner, or the payment of the money enforced according to law, at the option of said commissioner."

This contract bears date December 14, 1854.

It is alleged in the petition that subsequently to the execution of the contract, the interest on the note becoming due and delinquent, " suit was commenced upon the note and contract, and at the December term, 1862, of the district court of said county, a judgment was rendered for the interest then due and unpaid, amounting to $60$\frac{95}{100}$, and a .decree of foreclosure entered, directing the sale of the said land for the purpose of satisfying the judgment. That, afterward, a special execution was issued, and the land levied upon and sold, for the sum of $99.18, more than sufficient to satisfy the judgment and costs, which was applied upon the principal of the note, leaving an unpaid balance of the principal of $125.82 ; that no patent or conveyance has ever been made by the State to the purchaser

at the sheriff's sale, who has conveyed to some of the defendants who now claim the land.

A judgment for the balance of principal and interest due on the note, and a decree of foreclosure directing the sale of the land in satisfaction thereof is prayed.

The defendants claiming the land through the purchaser at the sheriff's sale demurred to the petition, which being overruled they appeal.

*Seevers & Cutts* and *W. R. Lewis* for the appellants, cited *Pierson* v. *David*, 1 Iowa, 23; *Blair & Co.* v. *Marsh*, 8 id. 144; *Tupple* v. *Viers*, 14 id. 515; *Hershey* v. *Hershey*, 18 id. 24; *Grimmell* v. *Warner*, 21 id. 11; *Clark* v. *Hall*, 7 Paige's Ch. 383; *Sparks* v. *Hess*, 15 Cal. 186; *May* v. *Lewis*, 22 Ala. 646; *Kelly* v. *Payne*, 18 id. 371; *Amory* v. *Reilly*, 9 Ind. 490; Williams' Eq. Jur. 301; *Blair & Co.* v. *Marsh*, 8 Iowa, 144; 2 Hilliard on Mortgages, 106–108; 1 Hilliard on Mortgages, 671, note *m; Carter* v. *Walker*, 3 Ohio, 339; *West Branch Bank* v. *Chester*, 1 Penn. St. 282; *Holden* v. *Sackett*, 12 Abb. Pr. 473; *Lansing* v. *Goelett*, 9 Cow. 346.

*Ballard & Hall* for the appellee, cited 24 Penn. St. 105; 4 McLain, 607; 24 How. 398; 9 Whart. 616; 1 Ala. 23; 18 Johns. 94; 8 Dana, 194; 3 Rich. 316; 16 N. H. 302; 19 Ohio, 21; 17 Me. 40; 34 id. 566.

MILLER, J.— The only question raised by the demurrer, and presented in argument, is whether a former action having been brought upon the note and contract for interest due and unpaid, in which a judgment and decree of foreclosure was rendered, upon which a special execution was issued and the land sold thereunder, a second action, to foreclose and sell the land for the balance due on the note, can be maintained?

At the time of the making of this contract the school fund commissioner of the county was authorized by law to sell

these lands (§§ 1044, 1048, of the Code of 1851), and the contract above set out is in compliance with the requirements of the law" (Code of 1851, §§ 1048, 1050, 1052). The last section (1052) provided that, "if any person fail to pay the interest due upon any contract as hereinbefore mentioned, it shall be lawful for the school fund commissioner in his discretion, either to consider the contract as forfeited and proceed to sell the land anew upon the terms prescribed in the fifth section of this act, or to collect the same by suit. This provision being also embodied in the contract, there can be no doubt that this option could be lawfully exercised by the school fund commissioner or by his legal successor. Nor can there be any doubt that the statute, in authorizing suit to be brought to collect the interest due and unpaid, intended thereby to authorize the bringing of any appropriate and proper action for that purpose which might be brought by an individual under like circumstances. And if there was a choice of remedies, that the school fund commissioner had the same right of choice as a private person. Upon a default in payment of interest, an action at law could have been maintained therefor. Or by the statute in force when this contract was executed a vendor of real property, when any part of the purchase-money was due and unpaid, might bring an action "to compel the purchaser to perform his contract, or to foreclose and sell his interest in the property." And in such cases for the purpose of the foreclosure, the vendee is treated as a mortgagor of the property purchased and his rights foreclosed in a similar manner. Code of 1851, §§ 2094, 2095. At the time of the former foreclosure such was, and still is, the law. Rev. of 1860, §§ 3671, 3672.

It has been held by this court that it was the design of these provisions of the statute to place the vendor and vendee of real estate in the same position, so far as related to the remedy, as the mortgagor and mortgagee in cases of express mortgages. *Pierson* v. *David*, 1 Iowa, 23; *Blair & Co.* v. *Marsh*, 8 id. 144; *Hershey* v. *Hershey*, 18 id. 24. This last case further holds that the vendor may, at his elec-

tion, either proceed at law to recover the purchase-money, or any unpaid installment thereof, or treat the vendee as a mortgagor and foreclose as in the case of an actual mortgage.

What, then, is the effect of a foreclosure and sale of the land for an unpaid installment of the purchase-money, or for interest due prior to the maturity of the principal?

In the case of express mortgages, the doctrine is well established that a sale of the mortgaged premises, in pursuance of a decree of foreclosure, passes to the purchaser at such sale all the title and interest of both mortgagor and mortgagee in and to the property sold. *Lansing* v. *Goelett,* 9 Cow. 346; *Holden* v. *Sackett,* 12 Abb. Pr. 473; *West Branch Bank* v. *Chester,* 1 Jones (11 Penn. St.), 282; *Pierce* v. *Potter,* 7 Watts, 477; *Berger* v. *Heister,* 6 Whart. 214; *McCall* v. *Lennox,* 9 Serg. & Rawle, 302; *Packer* v. *Rochester & S. R. R. Co.,* 17 N. Y. 287; *Tallman* v. *Ely,* 6 Wis. 244; *Hodson* v. *Treat,* 7 id. 263; *Ritger* v. *Parker,* 8 Cush. 145; *Brown* v. *Tyler,* 8 Gray, 135; *Stark* v. *Mercer,* 3 How. (Miss.) 377; *Marston* v. *Marston,* 45 Me. 412; *Hayes* v. *Wellington,* 25 id. 458; *Carter* v. *Walker,* 2 Ohio St. 339. See, also, *Kelly* v. *Payne,* 18 Ala. 371; *Bradford* v. *Harper,* 25 id. 337; *Clower* v. *Rawlings et al.,* 9 Smedes & Marsh. 122; *Hope* v. *Booth,* 1 Barn. & Adolph. 498; *Hobby* v. *Pemberton,* Dudley (Ga.), 212.

In *Horback* v. *Riley,* 7 Penn. St. 81, it was held that a vendor of land under articles to convey, selling the land on execution upon a judgment for the unpaid purchase-money, passes both the estate of his vendee and his own legal title discharged of the lien of the purchase-money. In *Amory* v. *Riley et al.,* 9 Ind. 490, it was held that where the vendor of real estate retains the legal title, it must be intended that he holds it as a security for the unpaid purchase-money; that all the incidents of a mortgage, so far as the lien is concerned, attach to the contract of sale; and that upon a sheriff's sale on foreclosure the title of the vendor passed to the sheriff's vendee, on the principle that the effect of a sale under a mortgage is to vest an absolute title in the purchaser.

In *Codwise* v. *Taylor*, 4 Sneed (Ky.), it was held that where the vendor of land enforced his lien for that part of the purchase-money, which is due, there being a part that is not due, he thereby exhausts his lien as to the latter.

These cases establish the doctrine that the effect of a judicial sale, on foreclosure of a vendor's lien for the purchase-money, is the same as a sale on the foreclosure of an express mortgage; that is to say: the purchaser at such sale takes an absolute title to the premises sold, and further, that this result follows where the whole of the premises, upon which the purchase-money was a lien, has been sold for an installment due, although there may be other installments not yet due. It has also been held that a sheriff's sale of mortgaged premises upon a judgment obtained for the *interest* due upon a mortgage debt, which was payable *in futuro*, effects a virtual foreclosure of the mortgage, extinguishes the equity of redemption in the mortgagor, transfers to the purchaser the legal estate still in him, and divests the lien of the mortgage. *West Branch Bank* v. *Chester*, *supra*.

That it might be competent under a contract like the one in this case for the court in a foreclosure suit for an installment of interest due, to decree a sale of the purchaser's interest only, subject to the lien for the principal and interest not yet due, is perhaps true; in which case the purchaser would take the land under the terms of the decree and sale, subject to such further lien. See *Cox* v. *Wheeler*, 7 Paige, 248. But in this case the decree of foreclosure, as stated in the petition, was general, " directing a sale of the *land* for the purpose of satisfying the judgment" rendered for the interest unpaid, and under this decree "the *land* was sold," without limitation, condition or reservation. The purchaser at the sheriff's sale, therefore, under the established doctrine above discussed, took the land discharged of the lien for the balance of the purchase-money remaining unpaid after the application of the proceeds of the sale. The demurrer should have been sustained.

Reversed.