## DUKES v. TURNER ET AL.

1. **Title Bond:** FORECLOSURE: RIGHTS OF THOSE NOT PARTIES. The rights of the parties to a title bond and promissory note given for the purchase of real estate are the same as those of the parties to a mortgage, and persons not made parties to a foreclosure of the bond are not affected by a decree therein.

2. ——: ——: REDEMPTION. A purchaser from one who holds a title bond, may redeem from sale under a foreclosure of the bond to which he was not made a party.

3. ——: ——: ——. Each part of the land covered by the bond, if it has been divided into parcels, must contribute its share to the payment of the debt, and such share must be paid by the grantee of the obligee who seeks to redeem any particular parcel from the sale.

4. ——: ——: ——. The present case is distinguished from *Street v. Beal and Hyatt*, 16 Iowa, 68, in that a part of the land herein had been sold by the mortgagee to other purchasers, respecting whom the debt must be regarded paid.

5. ——: ——: ——. The purchaser at judicial sale under the foreclosure could not acquire a title to defeat the rights of the grantee of the obligee, who was not made a party, and a grantee of the purchaser, with notice of the other's equities, stands in no better position than his grantor.

### *Appeal from Marion Circuit Court.*

### MONDAY, OCTOBER 23.

ACTION in chancery. The petition alleges that John M. Jones sold to J. F. Roller, April 15, 1871, a block in an addition to the town of Knoxville, which was sub-divided into eight lots, numbered from one to eight consecutively, and executed a bond for a deed, to be delivered upon payment of the consideration, $600, and interest at ten per centum per annum, according to the terms of a promissory note executed by Roller to Jones. The bond was filed for record April 28, 1871. Roller sold lot four of the block, July 24, 1871, to Hodges, for $150, who took possession of the property under his purchase, and erected thereon a dwelling house and other valuable improvements. In January, 1872, Hodges sold the property to plaintiff, who tendered to Roller the amount of

the purchase price in the sale to Hodges; he also tendered to Jones the amount which would be the portion of his lien upon lot four, who refused to receive the money and make a deed for the property.

On the 23rd day of April, 1872, plaintiff sold the lot to defendant, A. S. Turner, for $500, forty dollars in cash and the balance to be paid in monthly installments of ten dollars. Upon full payment of the purchase money in this manner, plaintiff agreed to execute a deed for the lot to Turner. Four hundred dollars, or more, remains due upon this sale. Turner, upon his purchase, took possession of the lot, and has made valuable improvements thereon. On the 11th of September, 1872, Jones commenced a proceeding to foreclose upon his bond and note given by Roller, and on the 24th of the same month recovered a decree therein for the amount due him, and a foreclosure of Roller's equity of redemption. Roller and wife were alone made parties. The whole block was sold together upon a special execution for $623.39, Jones becoming the purchaser. At the time of the execution sale Roller owned all of the block except lot four. The other lots, if sold separately, would have realized enough to pay the whole of the claim held by Jones. Turner was in possession of the land at the time the foreclosure proceedings were commenced and when the lots were sold.

December 2nd, 1873, Jones conveyed lot five to Coons for $250; May 16th, 1873, he conveyed to Davis lot two, for $100, and on the 17th of March, 1873, he conveyed lots six, seven and eight, to McClelland, for $100. It is alleged that all of the parties had full notice of plaintiff's equities. On the 16th day of May, 1873, Jones conveyed lots three and four to M. J. Turner for the consideration of $250. Allen Hamrick purchased lots three and four of A. S. and M. J. Turner. These parties, it is also alleged, had full notice of plaintiff's equities. It is alleged that all of the lots are, aside from the improvements, severally of equal value. Plaintiff avers that he is ready and willing to pay whatever amount may be found to be the just sum required for the redemption of lot

four from the foreclosure prosecuted by Jones. The persons above named are made parties to the action.

The relief asked is that the foreclosure sale of the lots may be set aside, that the court determine the amount necessary to redeem lot four from Jones' lien, and that the rights of all the parties may be ascertained and protected; that judgment be rendered against A. S. Turner for the amount due plaintiff, and that his lien on lot four be enforced and Turner's equity of redemption be foreclosed. A demurrer to the petition, on the ground that it presented no equity entitling plaintiff to relief, was sustained. Plaintiff appeals.

*Stone & Ayres*, for appellant.

*T. J. Anderson* and *J. N. Briggs*, for appellees.

BECK, J.—We think the demurrer was erroneously sustained. The plaintiff's petition shows that he holds rights well defined, which equity will enforce and protect.

I. The bond and note executed upon the sale of block 9, by Jones to Roller, constitute a mortgage, and are to be enforced as such. The rights of parties under these instruments are the same as the rights of those interested in land covered by a mortgage. Code, §§ 3329, 3330. Persons not made parties to a foreclosure suit are not affected by a decree therein, and their rights are not cut off thereby. The action prosecuted by Jones did not cut off the right of plaintiff, and those claiming under him, to redeem lot 4. Plaintiff and his grantee, if made parties to that suit, could have required Jones to exhaust the other lots before selling that lot. It is very plain that if Jones, holding the lien on the whole block, had received all his debt from the enforcement of his lien against the other lots, he would have no remedy against lot 4.

After the purchase of the block upon his foreclosure decree, Jones became the owner of the property, subject to plaintiff's rights and the rights of his grantees. He stood in the same position he would have occupied had he sold block 9 to plaintiff and secured the payment of the

1. TITLE bond: foreclosure: rights of those not parties.

2. ——: ——: redemption.

purchase money by bond and note, and upon a foreclosure re-acquired all the property except lot 4. In that case lot 4 would be bound for the purchase money unpaid, or the portion thereof it would be bound in equity to pay. This position will plainly appear by remembering these facts, viz: Jones sold Roller (who secured the payment of the consideration as stated) block 9. A part of the block, lot 4, plaintiff purchased. By the foreclosure proceedings Jones re-acquired all the title and right held by Roller, and nothing more. His purchase cut off no right held by plaintiff, or those claiming under him. Jones then stood in Roller's shoes as to his interest in the property. As to lot 4, he has not acquired the absolute title; a right of redemption exists in plaintiff and his grantee.

II. While the whole of the block upon Jones' foreclosure is shown to have been sold *en masse*, we cannot, under the circumstances of the case, hold that for this or any other reason alleged in the petition the sale was void as to the purchasers under Jones. It is alleged that the amount realized upon the sale of the property was inadequate; but the inadequacy alleged is not so great that, with other facts of the case, it can be considered sufficient ground for holding the sale void.

III. Upon the facts appearing in the petition, plaintiff cannot set aside the sale of the block except so far as lot 4 is concerned. He may, as we have said, redeem that lot. The proceeds realized by Jones from the sale of the other lots must be regarded as having been applied in payment of the debt secured to him by the mortgage. The balance of the debt, if there be any, must be regarded as resting upon lot 4, formerly owned by plaintiff, and lot 1, which Jones has not conveyed, and which has not contributed to the sum realized by him. This lot, being included in the mortgage of Jones, must contribute its proper share to the payment of the mortgage debt. Plaintiff, therefore, may redeem, under the case presented in the petition, by paying a sum that shall bear the proportion to the amount of Jones' mortgage debt, after deducting the proceeds of the lots sold as aforesaid, that the value of lot 4 bears to the sum of the values of lots 1 and 4. If these lots are of equal values,

then plaintiff must pay one-half of the amount remaining unpaid upon Jones' mortgage, as above pointed out. But in no event can he be required to pay more than a sum which shall bear the same proportion to the mortgage debt which the value of lot 4 bears to block 9. These values of the lots in all cases are to be determined without regard to improvements.

IV. The case is distinguishable from *Street v. Beal & Hyatt*, 16 Iowa, 68, cited by defendants' counsel, in which it was held that a purchaser of a part of the land covered by a mortgage, which was foreclosed without such purchaser having been made a party, could not redeem after sale on the decree to the mortgagee, except upon paying the whole debt. In that case the mortgagee, after purchasing the land upon the foreclosure, sold no part of the property, but retained all of it. The grantee of the mortgagor, or those claiming under him, could redeem all the property and thereby become subrogated to the mortgagee's rights against the owners of the other parts of the land. If the mortgagee so demanded, equity would not compel him to permit a partial redemption, that is, to accept a part of his debt, and discharge a part of the lands. He could demand a full redemption. But the party thus required to redeem all, would be entitled to the mortgagee's lien upon the other part.

But in this case the plaintiff cannot redeem all the land from the debt, for the reason that a part of it is held by purchasers from Jones, the mortgagee, and the debt as to them must be regarded as paid. Plaintiff could acquire no right or lien against them. Jones, having by the sales of part of the land put it out of the power of plaintiff to redeem, cannot require him to do so.

These facts, and the equities of the parties and their privies in estate, distinguish this case from the one above named, and require the application of different rules.

V. We now consider the right of plaintiff to foreclose, against Turner and Hamrick, his lien upon lot 4, under the facts set out in the petition.

M. J. Turner's purchase of that lot from Jones and payment therefor cannot vest him with a title which he can set up

against plaintiff's lien. The relation of Jones to plaintiff, and his notice thereof and of plaintiff's equities, forbid it. Hamrick, purchasing of A. S. & M. J. Turner, with notice of plaintiff's equities, occupies no better position than they did.

Plaintiff's debt remaining unpaid, and the parties above named having no defense thereto, or to the foreclosure of his lien, it may be enforced against the lot.

It will of course be understood that our conclusions are based upon the facts alleged in the petition.

We are of opinion that the court below erroneously sustained the demurrer to the plaintiff's petition. The judgment thereon will be reversed, and the cause will be remanded for further proceedings in accord with this opinion.

REVERSED.