## WILLIAMS v. DICKERSON ET AL.

1. **Judicial Sale:** MORTGAGE FORECLOSURE: SALE TO MORTGAGEE FOR MORE THAN JUDGMENT: NOTES NOT YET DUE: TERMS OF REDEMP-TION. The judgment in a foreclosure proceeding directed the sale of the mortgaged premises on special execution, and provided that the proceeds of the sale should be applied in satisfaction of the judgment and costs, and that any balance thereof should be applied in satisfaction of notes secured by the mortgage, but not yet due. The tract (80 acres) was offered *en masse*, and bid in by the foreclosure plaintiff for much more than the judgment, but he had not paid the amount into court. *Held* that the foreclosure defendant was not entitled to redeem by pay-ing the amount of the judgment only, but that he must pay the full amount bid at the sale. Code, § 3106.

2. ————: ————: SALE EN MASSE ON ERRONEOUS DECREE: SALE NOT VOID. If there was error in such case in not providing in the decree that the land should be sold in parcels, it should have been corrected by appeal, and cannot be set up in a collateral proceeding to set aside the sale.

*Appeal from Cass Circuit Court.*

FRIDAY, APRIL 24.

ACTION in equity to establish plaintiff's right to redeem certain real estate from a sale on execution. It is alleged in the petition that one Theodore Johnson purchased of defend-ants a certain 80-acre tract of land, and agreed to pay them therefor the sum of $1,320, and that he gave them therefor his five promissory notes falling due at different times, and that they gave him a title-bond, whereby they bound them-selves to convey said land to him on the payment of said notes. It is further alleged that said Johnson afterwards sold said land to plaintiff, and assigned said title-bond to him. Also that, default being made in the payment of one of said notes, (the one first falling due,) defendants brought suit thereon, and recovered judgment for $280.60, and for the foreclosure of said contract and the sale of the premises on special execution; and that special execution issued on said judgment, and said land was offered for sale thereon,

and that defendants bid for the whole of the land the sum of $1,587.30, and that the same was struck off to them for that amount, and a certificate of purchase given them therefor by the sheriff, but that they had not paid any portion of said amount into court, except a portion of the costs of the proceedings. It is also alleged that said land is divisible, and could have been sold in parcels for the satisfaction of said indebtedness, and that plaintiff is ready and willing to pay the amount of said judgment, with the interest and costs thereof, but that defendants refuse to accept the same in redemption of the land from said sale. And the prayer is that defendants be compelled to accept said amount in redemption of said land, and that the sheriff be directed to execute a deed conveying the land to plaintiff, and that it be adjudged to be free and discharged from the lien of said contract; or, if it shall be determined that he is not entitled to redeem by paying that amount, that the sale be set aside and declared void, and a resale of the premises ordered. A demurrer to the petition was sustained, and, plaintiff declining to plead further, judgment was entered dismissing his petition, from which he appeals.

*John Hudspeth*, for appellant.

*Temple & Phelps*, for appellees.

REED, J.—I.   By seeking to redeem the premises, plaintiff concedes, inferentially at least, that the sale is valid. The

1. JUDICIAL sale: mortgage foreclosure : sale to mortgagee for more than judgment: notes not yet due: terms of redemption.

right to redeem from an execution sale is given by the statute to enable the party by that means to preserve some right or interest in the property which, but for that right and its exercise, would be divested by the sale. The right of redemption given by the statute can be exercised only after the property has been sold, and, as the right is purely statutory, a court of equity will establish the right of a party to exercise it only in case the conditions exist under which, by the provisions of

the statute, the right arises.  Plaintiff's right, then, is to redeem the land from the sale.  But a redemption can be made only on the terms prescribed by statute.  It is provided by section 3106 of the Code that " the terms of redemption in all cases will be the reimbursement of the amount paid by the then holder, added to the amount of his own lien. *   *   *"  This section prescribes the terms upon which the redemption must be made, whether it is sought to be made from the purchaser at the sale, or from a lienholder who has redeemed from him.  If it is sought to be made from the purchaser at the sale, it can be made only by the reimbursement of the amount paid by him in the purchase. The amount of the judgment on which the execution issued by virtue of which the sale was made was $280.60.  Defendants bid $1,587.30 for the property, and it was struck off to them at that price, and a certificate of purchase was issued to them by the sheriff.  Plaintiff's offer is to pay the amount of the judgment, and he claims the right to redeem the land by paying that amount.  His position is that, as defendants have paid no portion of the amount bid by them into court, the sale operated simply to satisfy the amount of the judgment and costs; and hence that that is the amount paid by them, and that the redemption may be effected by reimbursing them that amount.

We think this position is not maintainable.  The judgment in the foreclosure proceeding directs the sale of the premises on special execution, and it provides that the proceeds of the sale shall be applied in satisfaction of the amount of the judgment and costs, and that any balance thereof shall be applied in satisfaction of the notes which are not yet due. A sale of the land for an amount simply sufficient to satisfy the judgment would have operated to defeat the lien which defendants had under the contract for the security of that portion of the purchase-price which was evidenced by the notes not yet matured.  *Poweshiek County v. Dennison,* 36 Iowa, 244; *Escher v. Simmons,* 54 Iowa, 269.

Williams v. Dickerson et al.

It was to their interest, then, that the land should sell for an amount sufficient to satisfy the whole of the indebtedness, and they clearly had the right to bid it in for an amount sufficient to do this. Their bid, then, was an offer to take the land at $1,587.30. The sheriff accepted that offer, and issued to them a certificate of purchase. The parties to the sale treated it as a sale at that price. Defendants never consented to a sale of the property for an amount merely sufficient to pay their judgment; nor did they become parties to a sale for that amount. If plaintiff redeems the property, the redemption must be from the sale which was actually made. To permit him to redeem by paying the amount of the judgment merely, would be to permit a redemption on terms materially different from those upon which the law provides it shall be made. The court cannot do this.

II. We think, also, that the facts stated in the petition do not afford a ground for setting aside the sale. The judgment in the foreclosure proceeding directs the sale of the land as an entirety. The court in that proceeding might have ordered the sale of an amount sufficient merely to satisfy the judgment; but this was not done. If it should be conceded that the order made is erroneous in this respect, it cannot be questioned in this proceeding. Plaintiff was a party to the foreclosure suit, and he is bound by the judgment and orders entered therein. The order sustaining the demurrer to the petition is right. The judgment, therefore, will be

2. ___ : ___ : sale en masse on erroneous decree: sale not void.

AFFIRMED.