WINDSOR & CATHCART v. EVANS ET AL.

1. **Equity**: MORTGAGE FORECLOSURE: MARSHALING ASSETS. After a first mortgage had been placed on several tracts of land, the mortgagor sold one of the tracts to E., who agreed to pay $300 of the mortgage, and interest, and after this all the rest of the land was mortgaged to plaintiffs, to whom also the first mortgage was assigned. Plaintiffs had foreclosed their second mortgage and the land had been sold thereunder, and this action was brought to foreclose the first one. After this action had been brought the mortgagor sold his equity of redemption to H. *Held*— (1) That if E. paid the $300 and interest, as agreed by him, he was entitled to have the land other than his tract exhausted first. (2) That, if he did not so pay, a personal judgment should be rendered therefor against him, which should be a lien on his land inferior to the first mortgage. (3) That if the mortgage was satisfied by the sale of the land other than E.'s, H. was entitled to the judgment against E. (4) That if the lands other than E.'s did not satisfy the mortgage, E.'s land should be sold for the balance remaining. (5) That if there still remained a balance unsatisfied it should be enforced against E.'s other property, to an amount not to exceed the said judgment for $300 and interest. (6) That if anything thus remained of the $300 and interest it should belong to H.

2. ——: ——: ——: RENTS AND PROFITS. In such case, a receiver having been appointed under the provisions of the mortgage, who took the lands and received the rents and profits, *held* that the rents and profits should be applied to the payment of the debt in the same way that the lands should themselves be applied, E.'s rights and liabilities as to them being the same as though they were funds arising from the sale of the land.

*Appeal from Taylor District Court*—HON. JOHN W. HARVEY, *Judge.*

WEDNESDAY, OCTOBER 19.

ACTION in chancery to foreclose a mortgage. There was a decree of foreclosure, but it provides that a part of the land shall be charged with less than its proportion of the mortgage debts. Plaintiffs appeal.

*Brown & Thomas,* for appellants.

*G. B. Haddock,* for appellees.

BECK, J.—I. The undisputed facts upon which the decis-

ion of the case turns are as follows: J. M. Cobb and wife

**1. EQUITY: mortgage foreclosure: marshaling assets.** executed a mortgage upon several tracts of land to the Lombard Investment Company, to secure the payment of $2,500. Subsequently they executed to the same mortgagees a second mortgage upon forty acres of land, not included in the other mortgage, to secure $400 and interest. After the execution of these mortgages, they executed. a mortgage to plaintiff, to secure $1,159.13, upon all the lands before mortgaged, referred to above. This mortgage has been foreclosed, and the land sold thereon. Prior to the execution of the last-mentioned mortgage, but after the other mortgages above referred to were executed, Cobb conveyed forty acres of the land covered by the first mortgage to the Lombard Investment Company. Cobb failed to pay the mortgage debts, and abandoned the land. After this suit was commenced, he conveyed all the land, except the tract deeded to Evans, by quitclaim deed to defendant Haddock, who intervenes in this action. After the conveyance of the land to Evans, and the execution of the mortgage to plaintiffs, the mortgages to the Lombard Investment Company were transferred to plaintiffs.

II. Evans claims, and the court below so held and decreed, that the land conveyed to him shall be discharged upon the payment of $300 and interest, which he agreed to pay as a part of the consideration for the purchase thereof. Of this plaintiffs complain, and whether this condition of the decree be correct is the first question for our determination. In our opinion it is erroneous. It is the rule in this state that, when mortgaged lands are sold in several tracts, each must contribute ratably to the satisfaction of the mortgage debt; but, if a part of the land be not conveyed, such part should be first sold under the mortgage, or offered for sale, before the other part is offered for sale. *Bates v. Ruddick,* 2 Iowa, 425 ; *Barney v. Myers,* 28 Id., 472 ; *Tufts v. Stanley,* 42 Id., 628 ; *Iowa Loan & Trust Co. v. Mowery,* 67 Id., 113. These rules are not denied ; but counsel insist, and

the court below so held, that as plaintiff had knowledge of the agreement between Evans and Cobb, which bound the first named to pay $300 on the mortgage debt, an equity arises which will exempt Evans' land from the mortgage upon payment of the $300. If the question arose alone under the mortgage given to plaintiffs, possibly there might be some ground for urging this position, though we now discover no equity requiring us to so hold. But. this point we need not determine, for the reason that the question arises upon the mortgages given the Lombard Investment Company. It surely will not be claimed that it is competent for the mortgagor, and his grantee to whom he conveys a part of the land, to control or affect the rights of the mortgagee by any agreement or arrangement for the payment of a part of the mortgage debt. Plaintiff, as the assignee of the mortgages from the Lombard Investment Company, takes them with all the rights held by that company. His remedy therein must be the same to which it was entitled.

III. Evans is entitled to have the land other than his tract sold, or offered for sale, first. He is entitled to no other protection. But this equity rests upon and is subject to the performance by him of his agreement to pay $300 on the mortgage assigned to plaintiff. This agreement creates a personal obligation, enforceable by plaintiffs as holders of the mortgage. In case Evans fails to pay the $300 and interest, a personal judgment should be rendered against him, which should be declared a lien upon the land conveyed to him, junior and inferior to the mortgages held by plaintiff. If all the mortgages are paid by the sale of the land other than Evans' tract, Haddock, as the grantee of Cobb, is entitled to the benefit of the judgment against Evans. If, after the sale of the other tracts, a sum remains unpaid, Evans' land should be sold therefor; and if, after such sale, a balance remains unpaid not exceeding $300 and interest, it should be enforced against Evans personally, as by a general judgment. In case a sum less than the $300 and interest is

Windsor & Cathcart v. Evans et al.

collected in this way, Haddock shall be entitled to the differ-
ence between such sum and the $300 and interest; the purpose
and intent being that a part of the consideration for the pur-
chase of the land shall primarily go to the plaintiffs, but, if
they are paid without the necessity of applying the proceeds
from the judgment against Evans to their debt, that judg-
ment, or any part thereof remaining unpaid by Evans, shall
go to the benefit of Haddock.

IV.   In accord with the provisions of the mortgage first
given to the Lombard Investment Company, a receiver was
$2. \frac{-}{-} : \frac{-}{-}$ : appointed, who took charge of the property. The
$\frac{-: \text{rents}}{\text{and profits.}}$   funds in the hands of the receiver must be
applied to the payment of the mortgage debts.   Undoubtedly,
the purpose of the provision of the mortgage for the appoint-
ment of the receiver was to secure the proceeds from the
profits of the land for the payment of the mortgage debt.
These funds are to be added to the sums realized from the
sale of the lands, as above described, and applied in the same
manner ; and Evans' liability and rights shall be the same,
as to them, as though they were funds arising from the sale
of the land.

The decree of the district court will be modified in accord
with this opinion, and the cause is remanded to the court
below for that purpose.   The defendants will pay the costs
of this appeal.

MODIFIED AND AFFIRMED.