HERRICK v. TALLMAN *et al.*

**Mortgages:** SALE UNDER JUNIOR MORTGAGE : PURCHASE BY MORTGAGEE : AMOUNT BID. When a junior mortgagee buys in the premises under a foreclosure of his mortgage for less than the amount of his judgment, the unsatisfied portion of the judgment ceases to be a lien on the property, but he is not bound to see that the property sells for enough to satisfy the prior liens ; and he may afterwards take an assignment of the senior mortgage and foreclose it, and sell the land thereunder.

*Appeal from Jones District Court.*—HON. JAS. D. GIFFEN, Judge.

FILED, OCTOBER 10, 1888.

ACTION in equity. Judgment for the defendants, and the plaintiff appeals.

*J. W. Jamison*, for appellant.

*Remley & Ercanbrack*, for appellees.

SEEVERS, C. J.—The plaintiff is the owner of certain real estate described in the petition. She obtained the title thereto from John A. White, subject to certain mortgages thereon. The prior mortgage was given to E. M. Condit; the second, given to secure several promissory

notes. The note first due, secured by this mortgage, was assigned to and became the property of Emma Newman. The remaining notes were assigned to and became the property of John Merritt, who died after the commencement of this action, and the executors of his estate were substituted as defendants. In December, 1884, Merritt foreclosed the mortgage as to the notes owned by him. In February, 1885, Emma Newman foreclosed the same mortgage to the extent of her interest thereunder, and her lien was decreed to be superior to the lien of Merritt. At the same time Condit foreclosed his mortgage, and his lien thereunder was decreed to be superior to the lien of both Newman and Merritt. On the twenty-seventh day of March, 1885, Merritt caused the mortgaged premises to be sold under a special execution issued in pursuance of his judgment of foreclosure, and purchased the premises at less than the amount of his judgment. The plaintiff insists that Merritt, at that time, owned both of the prior liens in favor of Condit and Newman ; and an assignment thereof was made on the records to him, and is dated the twenty-sixth day of March, 1885 ; but it satisfactorily appears from the evidence that such date is a mistake, and that in fact he did not become the owner of the prior liens until the twenty-seventh day of March, and after he had purchased the premises at sheriff's sale. Within one year from such sale the plaintiff paid the clerk the amount bid by Merritt at the sale to him, with interest ; and claims that by so doing she effectuated a valid redemption of the premises from such sale. Afterwards, Merritt caused an execution to issue on the Newman foreclosure, and thereunder purchased the premises at sheriff's sale, for the amount due on it and the Condit foreclosure.

The plaintiff claims that the sale of the whole of the mortgaged premises under the Merritt foreclosure exhausted the lien of the mortgage, and thereby, in legal effect, the Newman judgment and foreclosure were satisfied. In other words, the plaintiff claims that Merritt was bound to bid all he deemed the premises were worth,

or all he was willing to give ; and, if he failed to do this, he could not afterwards procure an assignment of the Newman judgment, and again sell the premises thereunder. The relief asked is that the sale under the Newman foreclosure be set aside, and the defendants, by a proper decree, be forever barred from claiming any right to the premises under the Newman foreclosure. In support of this claim, appellant's counsel cites and relies on *Poweshiek County v. Dennison*, 36 Iowa, 244 ; *Clayton v. Ellis*, 50 Iowa, 590 ; *Escher v. Simmons*, 54 Iowa, 269 ; *Harms v. Palmer*, 61 Iowa, 483, and 73 Iowa, 446.

Counsel for appellees concede that a valid redemption was effected from the sale under the Merritt foreclosure, and that, after the sale, the amount due on Merritt's judgment, not satisfied by the sale, ceased to be a lien on the mortgaged premises ; and they insist that this is as far as the cited cases go ; and this, we think, is substantially correct. The question in this case is different. Here the sale was under the junior foreclosure and lien, and the amount bid could not have the effect to satisfy a prior lien. Merritt purchased subject to the prior liens, and to obtain title he was bound to pay them off. Merritt was not bound to see that the premises sold for an amount sufficient to satisfy prior liens. Nor was Emma Newman bound to take notice of the sale and bid when the premises were offered for sale, under the Merritt foreclosure, in order to protect her rights. We have no occasion to determine what would have been the effect if Merritt had owned both the junior and superior liens at the time he purchased the premises under the former. AFFIRMED.