## SABERT H. CASE v. JOSEPH F. FRY, Appellant.

2   Execution Sale: Statutory Redemption: MUST BE MADE IN MANNER DIRECTED.

3   In order to redeem from a redemption by a lien holder, the holder of the fee title must pay the whole lien of the first redemptioner and the amount paid by the "then holder." *Dukes v. Turner,* 44 Iowa, 575, *distinguished.*

1   Who May Redeem. When a trust deed provides that lands covered by it shall be sold within a year to pay debts, that any surplus then remaining in money or land shall go to a third person, and that time is of the essence of the agreement, and no sale is made within the year, the title of the grantor making the trust deed is not so divested by it but that his grantee, by quitclaim, may redeem from an execution sale of the land.

*Appeal from Lee District Court.*—HON. JAMES D. SMYTHE, Judge.

FRIDAY, MAY 18, 1894

ACTION in equity to have set aside an alleged redemption of real estate from judicial sale. There was a hearing on the merits, and a decree in favor of plaintiff. The defendant appeals.—*Affirmed.*

*T. B. Snyder* and *Blake & Blake* for appellant.

*James C. Davis, J. D. M. Hamilton,* and *Geo. B. Stewart* for appellee.

ROBINSON, J.—In August, 1887, J. H. Bacon was the owner of what was known as the "Bay View Farm," which contained one thousand, two hundred and seventy-seven acres, and was situated in Lee county. On the twenty-seventh day of that month, he and his wife, Lizzie M. Bacon, executed to James Bullard, Sr., a deed therefor, and at the same time, and as a part of the same transaction, Bullard executed to Bacon a bond for the reconveyance of the land. Such conveyance was to be made on condition that Bacon should pay to Bullard the sum of eleven thousand, two hundred and eighty dollars within three years, with interest at the rate of seven per cent. On the twenty-sixth day of November, 1889, Bacon having become indebted to a number of different persons, he and his wife entered into a contract in writing with several of them, by which Bacon and his wife agreed to convey to Joseph A. Smith and M. Case, as trustees, the Bay View farm, for the purpose of enabling them to sell the farm, and pay certain creditors. The amount due Bullard, and all claims for taxes on the land, were to be paid first; then claims held by W. R. Timpe, Luther Adams, and others, in the order stated in the agreement. After the payment of four specified claims, and taxes, the trustees were to receive a commission of fifty dollars each. Then certain judgments against Bacon, among which was one in favor of Rollett, Amborn & Company, were to be paid, in the order of their priority. The seventh paragraph of the agreement was as follows: "(7.) After payment of all such claims in full, the trustees shall pay all commissions, costs, and expenses, if any there be, and shall turn over any proceeds there may be remaining, or deed any residue of the land, upon the order of Lizzie M.

Bacon, in which event this trust shall be satisfied, and the trustees released." The agreement further provided that it should be in force and effect for one year from its date, and that "if, at the expiration of that time, the terms and conditions have not been complied with, the parties hereto, as to any land unsold, or to any portion of the claims that may not be paid, can proceed to enforce any and all rights and remedies, the same as if this agreement had never been made and executed. Time is of the essence of this stipulation, it being intended that upon the expiration of the year all parties may proceed at once, so far as this agreement is not completed, to enforce all their rights, liens, and claims, with the same force and effect as if this agreement had never been executed." Bacon and his wife executed to the trustees a conveyance, as required by the agreement, but no sale of the property, nor of any part of it, was ever made by the trustees. Bullard was not a party to it, and in September, 1890, he commenced an action to recover the amount due him from Bacon and to subject the land included in his bond for a deed to its payment. Bacon, his wife, the trustees, the creditors who had signed the agreement, and others, were made parties defendant; and on the seventeenth day of November, 1890, a decree was rendered in favor of Bullard for the amount due him, and for the foreclosure of the bond. The decree provided for a special execution for the sale of the farm, if the amount found due should not be paid within ten days, and directed that after payment of such amounts the money or property remaining should be turned over to the trustees, to be applied according to the terms of the trust agreement.

The amounts found due not having been paid within ten days, a special execution issued; and on the third day of January, 1891, the farm was sold in separate tracts, according to directions given by Bacon,

the trustees, and creditors who had signed the agreement. The amount realized from the sales was more than the payments required to satisfy the decree of foreclosure, and the excess of one thousand, two hundred and eight dollars and fifty-six cents was paid nominally to the trustees. One hundred dollars were retained, and one thousand, one hundred and eight dollars and fifty-six cents were paid on the claim of W. R. Timpe and Luther Adams. Among the creditors of Bacon, were Rollett, Amborn & Company, who obtained a judgment against him in the superior court of the city of Keokuk for four hundred and fourteen dollars and twenty cents, with interest and costs. A transcript was filed in the proper district court in February, 1889, and the judgment was a lien from that date on the interest of Bacon in the land in question. In October, 1891, plaintiff purchased that judgment, and, by virtue of his ownership of it, redeemed from the foreclosure sale, five eighty-acre tracts, which had been sold separately to satisfy the decree in favor of Bullard. The sums required to redeem those tracts, and which were paid by the plaintiff, amounted in the aggregate to three thousand, eight hundred and seventy-five dollars and thirty-eight cents. On the twenty-second day of December, 1891, Bacon executed to the defendant a quitclaim deed to two of the five tracts which the plaintiff had redeemed; and on the second day of January, 1892, the defendant, claiming a right to redeem under his deed from Bacon, paid to the clerk of the proper court one thousand and forty-six dollars and seventy-five cents to redeem from the sale one tract which he claimed, and nine hundred and three dollars and thirty-four cents to redeem the other. The clerk issued to defendant a certificate of redemption, and made an entry of it in the sale-book record. This action is brought to set aside that redemption, and to cancel the record of it. The defendant sets out

his claim to the land in a counterclaim, and seeks to have his title thereto quieted. The district court dismissed the counterclaim, and granted to plaintiff the relief demanded.

I. The appellee contends that defendant did not have such an interest in the land as entitled him to make the redemption attempted. There is no doubt that he acquired, by virtue of the quitclaim deed, whatever interest Bacon had in the land to convey. It is said that he had been divested of all interest in it by the trust agreement and the foreclosure proceedings, and reference is made to the seventh paragraph of the agreement, to sustain the claim. But time is made of the essence of the agreement, which provides, in substance, that it shall cease to be in force, so far as it has not been performed, at the expiration of one year from its date. The provisions of the seventh paragraph in favor of Mrs. Bacon were to take effect after payment in full of all the claims contemplated by the agreement, with commissions, costs, and expenses; and, as such payment was not made, Mrs. Bacon never became entitled to anything by virtue of that paragraph. It is true the decree of foreclosure recognized the trust agreement, and that money appears to have been paid to the trustees in consequence; but the scope and effect of that agreement were not involved in the foreclosure proceedings, and no attempt to extend it beyond the year for which it, in terms, provided was made. When the decree was rendered, that year was not at an end. The surplus realized from the sale of the farm was paid to the trustees after the year had ended, and was applied on claims for which the agreement provided; but that appears to have been managed chiefly if not wholly, by the plaintiff, as an attorney for parties interested, and can not be given the effect of extending the agreement. We conclude that Mrs. Bacon was not the owner, in

any sense, of the land in question, when the quitclaim deed to defendant was executed by her husband; and, as that was given before his right to redeem had expired, that right was transferred to defendant, and belonged to him when the redemption in question was made.

II. In redeeming the two tracts of land in controversy, the defendant paid to the clerk the amount for which each one sold, with interest and all costs, and, in addition, forty-three and one half per cent of the judgment owned by plaintiff. He claims that the most valuable of the five tracts were selected for redemption, and that a fair proportion of the judgment was not paid; but we are satisfied that the claim is not well founded, and, if redemption could have been made in the manner attempted, that the amount paid therefor is sufficient. The defendant is entitled to redeem real property sold under execution at any time within one year from the day of sale, if he has not taken an appeal, nor stayed execution. Code, section 3102. That right is transferable, and the assignee of the defendant has the like power to redeem. Code, section 3123. The land in controversy was sold subject to the right of redemption; and the defendant, as assignee of the owner of that right, paid the amount stated, to redeem from the sale within one year from the day on which it was made. Section 3088 of the Code requires the officer conducting the sale to make it according to the plan of division which the defendant may deliver to him before 9 o'clock A. M. of the day of the sale. Section 3121 provides that, "when the property has been sold in parcels, any distinct portion may be redeemed by itself." Each of the five tracts redeemed by the plaintiff was sold separately according to the plan of division furnished by the judgment defendant, and it was the right of Bacon or his assignee to redeem separately any of the tracts so sold. But the

question is, was it necessary, in making such redemption, to pay the entire amount of the judgment of plaintiff? The plaintiff contends that his judgment was a lien on the five tracts, that he redeemed all of them together, that what he did should be given the force and effect of a single redemption, and that defendant could not redeem any of the tracts without paying the entire amount of his judgment. If it be true that the redemption made by plaintiff was intended to be a single one, of the five tracts, it would not affect the right of Bacon and his assignee to redeem any of the tracts separately. That right was given by statute, and can not be defeated, in the manner suggested, at the option of a lien holder. The judgment of plaintiff was a lien upon all the tracts of land in question when redemption was made by him. Code, section 2882. The right of redemption is a statutory one, and must be exercised in the manner pointed out by the statute. *Hurn v. Hill,* 70 Iowa, 40, 29 N. W. Rep. 796; *Williams v. Dickerson,* 66 Iowa, 106, 23 N. W. Rep. 286. "The terms of redemption in all cases will be the reimbursement of the amount paid by the then holder, added to the amount of his own lien, with interest upon the whole at the rate of ten per cent per annum together with costs. * * *" Code, section 3106. The entire judgment of plaintiff was a lien upon each of the five tracts he redeemed, and it follows that neither Bacon nor his assignee could redeem any of those tracts without paying the entire amount of the lien. That is the requirement of the statute, and the redemption attempted by the defendant was a statutory one. The defendant relies upon the case of *Dukes v. Turner,* 44 Iowa, 575, as supporting his right to redeem a part of the tracts sold without paying the entire amount of plaintiff's judgment. But that case was governed by a different rule. It involved the liability of one of several lots for

which a bond for a deed had been given for the payment of the purchase price, and the bond and note it secured are treated as a mortgage. It is the rule in this state that where mortgaged real property is sold by the mortgagor, in parcels, to different purchasers, after the mortgage was given, each purchaser must contribute to the discharge of the mortgage according to the proportion his purchase bears to the entire property mortgaged and sold. *Windsor v. Evans*, 72 Iowa, 693, 34 N. W. Rep. 481, and cases therein cited. It is true that it is the policy of the law to secure to the debtor, as nearly as practicable, the full value of his property sold on execution. *Moody v. Funk*, 82 Iowa, 4, 47 N. W. Rep. 1008. And it may be that Bacon would be benefited, were the defendant permitted to redeem in this case. Whether a court of equity would be authorized, in any event, to permit or aid such a redemption as the one attempted in this case, is a question we do not determine. The aid of such a court was not invoked until this action was commenced, and then only in a counterclaim to recognize the redemption attempted as valid and effectual, and to quiet in defendant the title to the land in question. The equities in favor of the defendant are not shown to be sufficient to warrant the giving of any relief to him. It is true that he offers to make such further payment as may be required to complete the redemption, but no mistake of fact was made, in paying less than the amount required to redeem. The defendant knew it was not enough to satisfy the judgment of plaintiff, but proceeded on the theory that the law did not require him to satisfy it, in order to make the redemption attempted. He was not misled by plaintiff, but, on the contrary, was told that he did not regard the amount as sufficient, and would not accept it. The mistake made was one of law, and does not furnish any basis for relief. We conclude that the decree of the district court is right, and it is AFFIRMED.