The FEDERAL LAND BANK OF OMAHA, A Corporation, Appellee,

v.

Edwin Harold FUOSS and Sherilyn May Fuoss, Husband and Wife, Appellants,

and

United States of America, Acting Through the Farmers Home Administration, U.S. Department of Agriculture, Appellee.

No. 87–833.

Supreme Court of Iowa.

July 20, 1988.

Rehearing Denied Aug. 15, 1988.

Charles W. Larson, U.S. Atty., and Martin J. McLaughlin, Asst. U.S. Atty., for appellee.

Mark S. Soldat, Algona, for appellants.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, NEUMAN, and SNELL, JJ.

PER CURIAM.

Edwin Fuoss and Sherilyn Fuoss (Fuoss) appeal from a judgment by the district court granting to the Farmers Home Administration (FmHA), as junior mortgagee, the right to redeem farmland previously owned by Fuoss and sold at sheriff's sale. The order of district court also set the amount necessary for redemption from FmHA by Fuoss.

On appeal, Fuoss argues that (1) the attempted redemption by FmHA, ten months after sheriff's sale, was untimely under Iowa Code sections 628.5 and .15 (1985); (2) Fuoss should have been permitted to redeem one of the two parcels of land, which had been sold separately at the sheriff's sale; and (3) the amount determined to be necessary for Fuoss's redemption was incorrect.

I. Although Iowa Code section 628.5 prescribes time limits generally applicable for redemption, the period of redemption applicable to the United States is set by 28 U.S.C. section 2410(c). That period is one year, and FmHA's redemption, approximately ten months after the sheriff's sale, was therefore timely. *See United States v. Bank of Am. Nat'l Trust & Sav. Ass'n,* 265 F.2d 862, 868–69 (9th Cir.1959).

II. The United States redeemed both parcels of land and held a certificate of sale for them. Fuoss attempted to redeem one of them without payment of the entire amount of FmHA's lien. FmHA concedes that, if Fuoss had redeemed within the six months given exclusively to owners, separate redemption of one parcel could be made. When Fuoss did not redeem in that time, however, other creditors such as FmHA were allowed that right, as permitted by Iowa Code section 628.5. (FmHA, as a junior mortgagee, redeemed from the purchaser at the sheriff's sale.) For Fuoss' to redeem from FmHA, he would be required to pay the entire amount of FmHA's lien, not merely the portion of it attributed to one of the parcels. *See Case v. Fry,* 91 Iowa 132, 138, 59 N.W. 333, 334–35 (1894).

III. Resolution of the second issue necessarily disposes of the third. Fuoss complains that the amount required for redemption from FmHA was excessive. That argument is based on the assumption that separate redemption of the parcels is permitted. It is not, however, for the reasons discussed in division II; the amount necessary for a redemption is, therefore, the total amount of FmHA's lien. The district court was correct in so ruling.

AFFIRMED.