[No. 15043. Department One. — March 24, 1893.]

## GEORGE E. WHITE, RESPONDENT, *v.* FRANKIE WHITE, APPELLANT.

DIVORCE — COSTS OF REFERENCE — ORDER ALLOWING MORTGAGE OF HUSBAND'S PROPERTY — POWER OF COURT — EVIDENCE. — In an action for divorce by a husband against his wife, where a decree was rendered in favor of the wife, and a referee was appointed to take testimony and report thereon as to the character, condition, and value of the property of the husband, preliminary to a rendition of final judgment, and the decree required the costs and expenses of the reference to be paid by the husband, and the referee filed a petition to have the husband pay a certain sum into court for the payment of the costs of the reference, an order of court authorizing the husband to mortgage his realty for the purpose of securing the money is within the power of the court, and is a proper order.

ID. — ABILITY OF HUSBAND TO PAY WITHOUT MORTGAGE — APPEAL — CONFLICTING EVIDENCE. — A contention by the wife that the husband was able to procure money from other sources to pay the expenses of the reference, and that therefore the mortgage should not be made, will not be sustained upon an appeal from the order, where the evidence on such issue is conflicting.

APPEAL from an order of the Superior Court of the city and county of San Francisco allowing a party to a divorce proceeding, who had been ordered to pay the costs and expenses of a reference, to mortgage his property for the purpose of securing the money to comply with the order.

The facts are stated in the opinion of the court.

*Henry E. Highton, J. A. Cooper,* and *H. C. McPike,* for Appellant.

*Barclay Henley, E. D. Wheeler,* and *Henley, MacSherry & Herrmann,* for Respondent.

GAROUTTE, J. — In this action a decree of divorce was rendered in favor of appellant, and H. T. Cresswell was appointed a referee by the court to take testimony, and report thereon as to the character, condition, and value of the property of respondent, preliminary to a rendition of final judgment. The decree required that the costs and expenses of the referee should be paid by respondent.

The referee filed a petition asking the court to make an order directing respondent to forthwith pay into court the sum of two thousand five hundred dollars, to be used in the payment of the costs and expenses of such reference. The appellant in this proceeding appeared at the hearing of the said petition, joined with the referee in asking for the order, but objected to the court granting respondent permission to mortgage his property for the purpose of securing the money wherewith to comply with the order; and the consideration of appellant's objection was the matter of contest before the court.

If we understand appellant's affidavits, it was contended by her that respondent was able to procure the money from other sources, but the affidavits and oral evidence placed before the court at the hearing are sharply conflicting upon this issue, and therefore we

will not discuss the evidence. The court made an order that respondent be allowed to mortgage his realty for the purpose of securing the money upon terms to be approved by the court, and set aside the injunction and *lis pendens* in the case to that extent and for that purpose alone.

The order of the court meets with our entire approval. No final decree in the action could be entered until the referee made his report, the referee could not make his report until the money was forthcoming to enable him to do his work, the money could not be advanced unless a mortgage was given to obtain it; hence the further progress of the trial was completely blocked, unless the court made the order here contested. We see no reason why the court did not possess the power to make the order; and if it did not possess such power, we see no reason why appellant should complain of that fact.

Let the order be affirmed.

HARRISON, J., and DE HAVEN, J., concurred.