# WHITE v. WHITE.

## No. 14,848; June 9, 1893.

### 33 Pac. 399.

**Divorce—Alimony and Costs.**—Under a Judgment in a divorce proceeding, requiring "all costs, expenses, and disbursements provided for and contemplated in this decree or judgment" to be paid by the plaintiff exclusively out of his separate property, defendant has no right to include in her cost bills items not taxable as costs.

**Divorce—Alimony and Costs.**—Motions in a Divorce Proceeding for the payment to defendant of her costs and disbursements, and for permission to plaintiff to mortgage his property in order to pay alimony, counsel fees, and other expenses of the litigation, are addressed to the discretion of the court.[1]

---

[1] Cited in White v. Costigan, 134 Cal. 37, 66 Pac. 79, as having affirmed an order under which was executed a mortgage involved in the latter case.

APPEAL from Superior Court, City and County of San Francisco; Eugene Garber, Judge.

Action by George E. White against Frankie White for a divorce. From certain orders in favor of plaintiff, defendant appeals. Affirmed.

Henry E. Highton, H. C. McPike and J. A. Cooper for appellant; Barclay Henly and E. D. Wheeler for respondent.

BELCHER, C.—The transcript in this case presents three appeals, based upon three separate bills of exceptions: the first from an order striking out certain items in two of defendant's bills of costs, the second from an order denying defendant's application for a further allowance for costs and expenses, and the third from an order allowing the plaintiff to mortgage his property. Each of the orders appealed from was made on the twenty-fourth day of June, 1891. In order that there may be a proper understanding of the questions involved in these appeals, a brief history of the case should be stated. The plaintiff commenced the action in December, 1885, to obtain a divorce from the defendant. The defendant answered, denying the charges made against her, and also filed a cross-complaint, in which she stated facts entitling her to a divorce, and prayed that she be granted a divorce from the plaintiff. While the case was pending in the trial court, on application of defendant, an order was made requiring the plaintiff to pay to her sums of money aggregating $3,850, for costs and expenses, alimony and counsel fees; the item for costs and expenses being $250. From this order an appeal was taken by the plaintiff to this court, and the order was affirmed in July, 1887: White v. White, 73 Cal. 105, 14 Pac. 393. In October and November, 1887, two other orders were made, requiring the plaintiff to pay to defendant the further sums of $250 and $518, for costs and expenses. The case was tried in April, 1888, and after it was submitted for decision the court made another order, requiring the plaintiff to pay to defendant the sum of $1,263.65 for additional costs and expenses. On May 15, 1889, judgment was entered denying a divorce to the plaintiff and granting one to the defendant. From this judgment the plaintiff appealed to this court, and

the judgment was affirmed in October, 1890: 86 Cal. 219, 24 Pac. 996. The plaintiff also appealed from an order denying his motion for a new trial of the case, and that appeal was subsequently dismissed. There were two other appeals from orders relating to attorneys' fees, and the decisions are reported in 86 Cal., at pages 212 and 216, 24 Pac., at pages 1030 and 1031. Afterward, in December, 1890, an order was made requiring the plaintiff to pay to defendant the sum of $7,500 for attorneys' fees. The plaintiff appealed from this order, and his appeal was dismissed on March 24, 1891: 88 Cal. 429, 26 Pac. 236.

The facts leading up to the present appeals are as follows:

1. Upon the dismissal of plaintiff's appeal from the order denying his motion for a new trial, and within the time allowed by law, defendant served and filed her bill of costs on the appeal, which contained the following item: "Printing respondent's points and authorities, filed February 28, 1891, $125.00." And again, upon the dismissal of the appeal from the order of December, 1890, and in proper time, defendant served and filed another bill of costs, containing this item: "Printing of defendant's brief on her motion to dismiss, March 5, 1891." Subsequently the plaintiff moved that each of these items be stricken out of the cost bills upon the ground that it "is not a proper item of the same, and that the amount is unreasonable, and excessive." The court granted the motion, and hence the first appeal.

It is admitted by appellant that the items stricken out were not properly taxable costs, but it is claimed that they were necessary expenses in the case, which the plaintiff, by the express provisions of the judgment, was required to pay, and hence that it was error to strike them out of the cost bills. The clause of the judgment referred to is, "that all costs, expenses, and disbursements provided for and contemplated in this decree or judgment be borne and paid by the plaintiff exclusively out of his separate property." There was no error in the rulings complained of. Under the clause of the judgment quoted, the appellant had no right to include in her cost bills items not taxable as costs. If they were necessary expenses, and not already sufficiently provided for,

2

application should have been made to the court for a further or additional allowance for that purpose.

2. On May 2, 1891, counsel for defendant served notice on the plaintiff that they would move the court for an order requiring the plaintiff to pay to defendant an additional sum of $2,510, to reimburse and enable her to pay her costs and disbursements from April 20, 1888 (the date of her last allowance for costs), to date; and also for an order requiring the plaintiff to pay her the sum of $500, to enable her to prosecute the action. The notice stated that the motion would be made upon the ground that the defendant had no means whatever to prosecute the action; that by the terms of the decree entered in the case plaintiff was required to pay all costs and disbursements out of his separate property; and that the sums asked for were reasonable and necessary to bring the litigation to a close. The motion was submitted, and, after consideration, denied by the court, and hence the second appeal.

It is claimed for appellant that this ruling was erroneous because it clearly appeared from the affidavits made by her and read on the hearing that all the items forming the larger sum asked for had been expended by her in connection with the case, and not before allowed, and that they were necessary expenses and disbursements; and also that the smaller sum asked for was necessary to enable her to protect her rights, and have the litigation brought to an end. On the other hand, it is claimed for respondent that the affidavit made by him and read on the hearing effectually controverted all the material facts stated in appellant's affidavits, and fully justified the ruling. We think respondent's claim in this regard must be sustained. The motion was addressed to the discretion of the court, and such an order will not be reversed on appeal, unless it clearly appears that that discretion was abused. After carefully reading the affidavits and other proofs brought up in the record, we are unable to see any such abuse of discretion as would justify a reversal here.

3. In May, 1891, a motion was made that plaintiff be permitted to mortgage his property to the extent of $8,000, "to enable him to pay alimony and counsel fees and other expenses necessary to the carrying on of the litigation between plaintiff and defendant." The motion was made and con-

tested upon affidavits of the respective parties, and, after consideration, an order was entered permitting the plaintiff to mortgage his property to the extent of $6,000; and hence the third appeal here presented.

It is claimed that this order was erroneous, because (1) by the decree of divorce all of the community property of the parties was awarded to the defendant; (2) at the date of the making of the order no segregation of the property had taken place, and presumptively all property acquired by the plaintiff subsequent to the date of his marriage was community property; and (3) the mortgage was desired by the plaintiff solely for the purpose of encumbering property involved in the action, and hindering and delaying the defendant from recovering any and all property which, under the decree, she was or might be justly entitled to. The motion was also, in our opinion, addressed to the discretion of the court, and upon the showing made the order cannot be reversed. It is unnecessary to state the facts. See White v. White, 97 Cal. 604, 32 Pac. 600, where a similar order was affirmed.

It follows that each of the orders appealed from should be affirmed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the orders appealed from are affirmed.