## Hurn v. Hill et al.

1. **Mortgage:** FORECLOSURE SALE: REDEMPTION BY JUNIOR LIEN- HOLDER AFTER NINE MONTHS: RIGHTS OF MORTGAGOR'S GRANTEE. A junior judgment lien-holder, made a defendant to a mortgage fore- closure, has no right to redeem from a sale under the foreclosure after nine months from the date thereof. But where he did, after that time, redeem from the holder of the certificate, and obtain from him an assignment thereof, and offered of record to take the land for the full amount due on the certificate, and $400 to be credited on his own judg- ment, *held* that the transaction only placed him in the shoes of the holder of the certificate, and that the mortgagor's grantee might within the year redeem from him by paying the amount due thereon, without paying the $400 on his judgment, but that he, standing in the shoes of the mortgagor, and holding the title to the land, could not demand an assignment of the certificate to him, and the execution of a sheriff's deed thereon. Also, that the junior lien-holder was entitled to have the credit of $400, which had been entered on his judgment by virtue of his supposed redemption, canceled.

*Appeal from Cerro Gordo Circuit Court.*

TUESDAY, OCTOBER 26.

PLAINTIFF in this action asks to be permitted to redeem from a sheriff's sale. By the decree of the circuit court he

is permitted to redeem upon the payment of an amount specified to a judgment creditor, in addition to the sum for which the land was sold; such creditor having redeemed from the sale under his judgment. Both parties appeal. The plaintiff, having first perfected his appeal, is designated as the appellant.

*Bush & Hurn*, for appellant.

*John Cliggitt*, for appellees.

BECK, J.—I. The facts of this case are not in dispute. They are as follows: The plaintiff acquired title to the land involved in this suit through a conveyance by one Price, who, before he conveyed the land, executed a mortgage thereon to Wimmerstad. After the execution of the mortgage, and while Price owned the land, a judgment was rendered against him in favor of defendant Hill, which was a lien thereon. After the conveyance of the land to plaintiff, Wimmerstad foreclosed his mortgage. Hill was made a defendant in the foreclosure proceedings, and his equity of redemption was cut off by decree. Wimmerstad became the purchaser of the land at a sheriff's sale under the decree of foreclosure, subject to the right of redemption under the statute. Subsequently he assigned the certificate of purchase under the sale to Wheeler. After nine months from the day of sale, Hill redeemed from the sale on the foreclosure, with the permission of Wheeler, who assigned to Hill his certificate of purchase. Neither Price nor plaintiff consented to this redemption. Hill filed an affidavit showing the amount due upon his judgment, and caused an entry to be made upon the record that he would take the land for the full amount shown to be due upon the certificate of sale, and an amount of $400 to be credited upon his own judgment. The plaintiff deposited with the clerk of the court the amount due upon the foreclosure sale of the land, but no deposit was made of the $400, which Hill proposes to credit upon his

judgment in case of redemption from him. The plaintiff by an amended petition, offers, in case the court shall hold Hill's redemption to be good, to pay the amount of $400 on the account of his redemption. The circuit court by the decree declared that plaintiff is entitled to redeem upon payment of the amount of the sale, and $400 on account of Hill's redemption, and interest on each sum.

II.   The decree of the circuit court is satisfactory to neither party. Plaintiff claims that Hill, as a judgment creditor, is not entitled to redeem after the expiration of nine months, and that his redemption, being after that time, is invalid.   Hill insists that, as plaintiff is a grantee of the land under Price, he should stand in the shoes of Price, and has no other right than Price would have did he still own the land, and that, as the owner of the certificate of sale has assented to and accepted the redemption made by Hill, Price could not object, and plaintiff therefore cannot.

III.   It must be conceded that plaintiff has no right other or different than would be held by Price did he still hold the title of the land, and it is also true that the defendants hold no rights, as against plaintiff, which they would not hold against Price, were he still the owner of the land. Hill's right of redemption rests upon the statute.   His equity of redemption was cut off by the decree of foreclosure.   His statutory right of redemption cannot be exercised nine months after the execution sale, nor within the six months immediately following the sale.   Code, § 3103.   The statute nowhere gives him a right to redeem, except he exercises it during the three months thus indicated.   This right cannot be enlarged by the assent of the purchaser at the sheriff's sale, for the reason that the purchaser of the land from the debtor has rights and interests which the purchaser under the execution cannot waive or defeat.   The land in question, it may be assumed, is subject to Hill's judgment. It may be to the interest of plaintiff to have that judgment enforced by an execution sale thereon.   A part of the land,

it may be, would sell upon execution for sufficient to satisfy the judgment. In that case plaintiff may prefer to have a part of the land sold. But if, by a redemption made by Hill, all of the land is made subject to his judgment, it is apparent that plaintiff's rights are disregarded to his preju-dice. Whatever force there may be in this view, it is certain that the law gives a junior creditor no right of redemption, unless it be exercised as prescribed by the statute. But in this Hill has failed; and, his redemption being unauthorized by law, stands for nothing.

IV. It becomes unnecessary to inquire as to the rights of the parties touching the enforcement of Hill's judgment, further than that he has no right of redemption by reason of his failure to exercise that right within the time prescribed by law. Nor need we consider the various cases decided by this court involving the construction of the statute providing for redemption, which are cited by counsel. The only point that we need.to determine is that Hill had no right to redeem when he attempted to do so.

V. Hill's judgment has been credited with $400 on account of his supposed redemption. As it fails, this credit ought to be canceled, and it is so ordered. Plaintiff prays that the certificate of sale be ordered assigned to him, and a sheriff's deed be made to him thereon. He is entitled to no such relief. He has no rights other than those which would be held by the execution debtor did he still hold the title to the land. Such rights are simply to pay the amount due upon the certificate of sale; thereby discharging the land from the sale and lien of the judgment to the extent of the amount for which the land was sold.

VI. Hill is entitled to receive from the clerk the money which may be paid by plaintiff to redeem the land. The transaction of the attempted redemption will not affect his right as an actual assignee of the certificate to receive the money. If there were no actual assignment, the payment of the money to the clerk in his attempt to redeem would

operate as an equitable assignment. It will be understood that we hold that plaintiff may redeem, with the effect we have indicated.

The decree of the circuit court is reversed, and the cause is remanded for a decree in accord with this opinion.

REVERSED.