## GILBERT et al. v. HUSMAN.

**Assignment:** EQUITABLE : OF CERTIFICATE OF PURCHASE AT SHERIFF'S SALE. A former owner of land, but whose rights therein had been extinguished, claimed that he had the right to redeem it from a foreclosure sale. P., the holder of the certificate of sale, made no objection, but could not find the certificate, but told him to go and pay the money to the clerk, which he did, and P. received the money and left the certificate, unassigned, with the clerk. *Held* that this was an equitable assignment of the certificate to the person paying the money, and entitled him to a sheriff's deed at the expiration of the year for redemption.

*Appeal from Black Hawk District Court.*—HON. C. F. COUCH, Judge.

FILED, DECEMBER 20, 1888.

ACTION in equity to quiet title to real estate. Judgment for plaintiffs, and defendant appeals.

*O. C. Miller* and *E. M. Sharon,* for appellants.

*Boies, Husted & Boies,* for appellees.

SEEVERS, C. J.—In 1881, the land in controversy was owned by one Braffle, and he executed a mortgage thereon to F. A. Wilcox and afterwards conveyed the land to John S. Dage. On October 10, 1883, J. I. Myres obtained a judgment against Dage, which was a lien on the land, and the next day Dage conveyed it to one of the plaintiffs. In November, 1883, an execution was issued on the Myres judgment, the land sold, and, no redemption having been made, the sheriff conveyed it to the purchaser under whom the defendant

claims.    Afterwards the Wilcox mortgage was fore-
closed, and it was declared to be the prior lien, and the
equitable right of the plaintiffs and defendant to redeem
was cut off and barred by the judgment.    An execution
was issued on this judgment and the land sold there-
under and purchased by Hiram Parks on October 17,
1885.    On the sixteenth day of October, 1886, the
plaintiffs paid to the clerk of the district court the
amount due Parks as shown by the certificate of sale,
which Parks a few days afterwards received from the
clerk, and gave or left with him the certificate of sale,
but he did not, in writing, assign it to any one.

The foregoing facts are not disputed.    We find that
the following additional facts are shown by a prepond-
erance of the evidence :    The plaintiffs, under the claim
that they had the right to redeem,    made application to
Parks for that purpose, and desired him to assign to
them the certificate of purchase.    Parks recognized the
right to redeem, and agreed to assign the certificate.
He, however, was unable to find it, and, at the final
interview between them, Parks being still unable to find
the certificate, declined to assign it, but told the plaintiffs
"to go and pay the money to the clerk ; if they had
the right to redeem they were going to get it whether I
received the money or not."

It is conceded by counsel for appellees that the
plaintiffs did not have the statutory right to redeem,
because they were strangers to the title.    Whatever
title they had under the conveyance from Dage was
divested by the sale and conveyance under the Myres
judgment.    The contention of counsel for the appellees,
however, is that the transaction between Parks and
appellees amounted to a purchase and equitable assign-
ment of the certificate of purchase, and thereby they
became invested with all the rights of Parks.    The
defendant ' undoubtedly owned both the legal and
equitable title, subject, however, to the superior lien and
right of Parks.    In fact, unless the defendant exercised
his statutory right to redeem, Parks could obtain an
absolute title to the land in controversy by a conveyance

by the sheriff. The contention of counsel for the appellant is that the transaction between the plaintiffs and Parks amounted to the payment of the prior lien by a stranger to the title ; that the plaintiffs were mere intermeddlers. This, we think, is a mistake. When all the controverted facts are eliminated, the transaction amounted to this : The plaintiffs, under the mistaken notion that they had such right, desired to redeem, and Parks directed them to pay the money to the clerk. They did so, and Parks received the money from the clerk and left the certificate of purchase with the latter. This, we think, amounted to an equitable assignment of the certificate, and thereunder the plaintiffs are entitled to all the rights of Parks. The money was paid at the place and to the person directed by the latter, and, although he had previously declined to assign the certificate, the receipt of the money and delivery of the certificate clearly, in our opinion, amounted to an equitable assignment of the latter. These views are, to an extent at least, supported by *Hurn v. Hill,* 70 Iowa, 38. The judgment of the district court is

AFFIRMED