JOSIAH M. PEARSON

*v.*

ELLA PEARSON.

*Filed at Ottawa January 21, 1890.*

1. REDEMPTION—*by judgment creditor—question of his right—waiver, by acceptance.* It matters not whether a party has the right to redeem from a sheriff's sale of land as a judgment creditor or not, if the purchaser at such sale accepts the redemption money. Such acceptance terminates all the rights of the purchaser to the land, and no one else can question the validity of the redemption.

2. SPECIFIC PERFORMANCE—*agreement by judgment creditor to redeem —and to reconvey to debtor.* Where a party whose land has been sold on execution, gives his note to a creditor for a sum in excess of his

indebtedness, and confesses judgment on the note, and furnishes the money necessary to redeem from the sheriff's sale, under an agreement that the creditor shall redeem the land and acquire the title thereto, and, on payment of the sum due him, with costs, reconvey the land to the debtor, and there is no intention to defraud any creditors, the creditor, on performance by the debtor, will be compelled to specifically perform the agreement.

3. MORTGAGE—*deed absolute in form.* Where the title to real estate is taken as a security for the payment of money, the deed, although absolute in form, will be deemed a mortgage; and it is always competent to prove that a deed absolute in form is in fact but a mortgage.

WRIT OF ERROR to the Circuit Court of La Salle county; the Hon. GEORGE W. STIPP, Judge, presiding.

Messrs. GRIGGS & ALLEN, for the plaintiff in error.

If judgment is entered when there is nothing due, it can not be used to effect a redemption. *Arnold* v. *Gifford,* 62 Ill. 252; *Phillips* v. *Demoss,* 14 id. 413; *Sweezy* v. *Chandler,* 11 id. 449; *Martin* v. *Judd,* 60 id. 84.

The court is referred to the following cases as bearing upon the facts in this case, and establishing the principle that a *bona fide* indebtedness is necessary to entitle a redeeming creditor to the rights of redemption under the law: *Ransom* v. *Jones,* 1 Scam. 291; *Denton* v. *Noyes,* 6 Johns. 296; *Hauer's Appeal,* 5 W. & S. 473; *Lewis* v. *Smith,* 2 S. & R. 142; *Fumerman* v. *Leonard,* 7 Allen, 54; *Field* v. *Gibbs,* 3 Pet. C. C. 155; *Tichout* v. *Cilly,* 3 Vt. 415; *St. Albans* v. *Bush,* 4 id. 58; *Pillsbury* v. *Dugan,* 9 Ohio, 117; *Brown* v. *Nichols,* 42 N. Y. 26; *Hobert* v. *Montgomery,* 5 Dana, 11.

Again, it has been held that where parties have connived to buy lands fraudulently, whereby others were deceived, one can not compel his confederate to convey to him. *Johns* v. *Noris,* 7 C. E. Green, 102; *Walker* v. *Hill,* 66 Pa. St. 187; *Allen* v. *Perry,* 50 Mo. 90; *Musselman* v. *Kent,* 33 Ind. 452; *Hunt* v. *Rowland,* 28 Iowa, 349; *Society* v. *Ordway,* 38 Cal. 679.

In the case at bar, according to the allegations of the defendant in error, redemption was accomplished by a collusion

of the parties; and having put themselves in that position, equity will not relieve them of their folly, and compel one to convey to the other.

Messrs. BREWER & STRAWN, for the defendant in error:

The Statute of Frauds does not apply. *Trotter* v. *Smith,* 59 Ill. 240; *Lantry* v. *Lantry,* 51 id. 458; *Fischbeck* v. *Gross,* 112 id. 208; *Morgan* v. *Clayton,* 61 id. 35.

Oral evidence is admissible, in equity, to show that an absolute deed was intended as a mortgage. *Reigard* v. *McNeil,* 38 Ill. 400; *Ruckman* v. *Alwood,* 71 id. 155; *Strong* v. *Shea,* 83 id. 575; *Wright* v. *Gay,* 101 id. 233.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This writ of error brings before us for review the decree of the circuit court of La Salle county on a bill in chancery in that court, by defendant in error, against plaintiff in error, directing the conveyance of certain lands and the assignment and transfer of a certain promissory note, as in the bill particularly described, by the plaintiff in error to the defendant in error.

The controlling facts are: Reuben Bronson purchased certain lands belonging to the defendant in error, and lying in La Salle county, at a sheriff's sale, under an execution against her. Starr, a judgment creditor of hers, redeemed from that sale, Bronson accepting the redemption money. The sheriff thereupon sold the lands, under Starr's execution, to Samuel Dunavan. An agreement was then made between plaintiff in error and defendant in error, whereby the latter was to execute to him her promissory note for $3800, confess judgment thereon, and furnish him with the money necessary to redeem from the sale to Dunavan, and he was to redeem from the sale, have the lands sold on execution, on his judgment, bid them in, and take deed therefor and hold it until she paid him, and as security for what she owed him, which was some amount,

not then adjusted, less than the amount of the promissory note she was to give him, and upon her making such payment he was to convey the lands to her. Defendant in error executed the promissory note, confessed the judgment thereon, and furnished plaintiff in error the money with which to redeem from the sale to Dunavan, as she thus agreed she would. Plaintiff in error redeemed from the sale to Dunavan, had the lands sold on an execution on his judgment, and took a deed therefor.

There is conflict in the evidence, but we agree with the circuit court that the preponderance warrants the conclusion that the facts are as just stated. We are also of the opinion that the preponderance of the evidence shows that defendant in error had, after the making of this agreement, and before the filing of her bill, paid plaintiff in error all that she owed him. Upon these facts, we are clearly of the opinion that plaintiff in error is not justified in his refusal to convey the lands to defendant in error, and transfer to her the promissory note executed for the rent thereof, which he holds, and that the decree of the circuit court directing him to make such conveyance and transfer is right.

It is unnecessary to consider whether either Starr or plaintiff in error was entitled, as a matter of legal right, to redeem when they did so. Bronson and Dunavan, respectively, accepted the money they paid, as redemption money, and this terminated their several rights as purchasers of the lands. (*Meyer* v. *Mintonye*, 106 Ill. 414; *Massey* v. *Westcott et al.* 40 id. 160.) No one else is entitled to question whether redemption was effected. It is not pretended that defendant in error had plaintiff in error to take and hold the title to the lands to defraud creditors, and no reason is therefore apparent why she might not have him take and hold the title in the way it was agreed that he should, in order that she might regain her lands and at the same time secure him in what she owed him. When a title to real estate is taken as a security for the payment of money, it is a mortgage, and it is always competent to prove

that a deed, absolute on its face, is, in fact, but a mortgage. *Miller* v. *Thomas*, 14 Ill. 428 ; *Heald* v. *Wright et al.* 75 id. 17 ; Bispham's Eq. (2d ed.) sec. 155.

The decree is affirmed.

*Decree affirmed.*