[S. F. No. 1663. In Bank.— August 17, 1901.]

## FRANKIE WHITE, Appellant, v. JAMES M. COSTIGAN, Respondent.

DIVORCE SUIT — RECEIVER — MORTGAGE PERMITTED BY COURT — SUBJECTION OF PLAINTIFF'S RIGHTS. — The plaintiff in a divorce suit, in which a receiver was appointed, cannot question the validity of a mortgage permitted to be made by the defendant under an order of the court, which was affirmed upon appeal; and any title acquired by her under a receiver's sale must be subject to such mortgage.

ID. — FORECLOSURE OF MORTGAGE — PARTIES — RECEIVER — PURCHASE PENDING SUIT — RIGHT OF REDEMPTION. — Upon the foreclosure of the mortgage permitted by the court, the plaintiff in the divorce suit, not having acquired an interest in the mortgaged premises, was not a proper or necessary party. But where the receiver appeared by leave of the court, and set up the rights of the plaintiff, with her full knowledge, any interest acquired by her at a receiver's sale, made pending the suit, was subject to the decree of foreclosure, and could give her no more than a statutory right of redemption from the sale under the decree, as successor in interest of the mortgagor.

ID. — TITLE LOST BY FAILURE TO REDEEM — ACTION TO QUIET TITLE. — Where no redemption was made or attempted from the sale under the decree of foreclosure by the purchaser at the receiver's sale, and title passed under such foreclosure sale to another person, any title acquired under the receiver's sale was thereby lost, and could not be successfully asserted in an action to quiet title against the holder of the sheriff's deed under the decree of foreclosure. [McFarland, J., dissenting.]

ID. — REDEMPTION BY MORTGAGEE OF OTHER LANDS — MONEY RETAINED
    BY PURCHASER — ESTOPPEL — SHERIFF'S DEED — ASSIGNMENT. —
    Where no redemption from the sale under foreclosure of the mort-
    gage was made or attempted by the purchaser at the receiver's sale,
    but the payment of redemption-money was made by the holder of
    a judgment for deficiency under the foreclosure of a mortgage of
    other lands, which was accepted and retained by the purchaser
    under the foreclosure sale, and a certificate of redemption was there-
    upon issued to him, the purchaser was estopped from questioning
    his right to redeem, and the sheriff's deed passed title to him, with
    like effect as if the certificate of sale had been assigned to him
    when the money was received.

ID. — SUBSEQUENT QUITCLAIM DEED BY PURCHASER — INTEREST PRE-
    VIOUSLY TRANSFERRED. — A subsequent quitclaim deed executed by
    the purchaser at the sale under the decree of foreclosure, after re-
    ception and retention of the redemption-money by him, can have
    no greater effect than a second assignment of the certificate of pur-
    chase, after all of his rights thereunder had passed to the one from
    whom he received the redemption-money, and such quitclaim deed
    could confer no right.

APPEAL from a judgment of the Superior Court of Mendo-
cino County.   J. M. Mannon, Judge.

The facts are stated in the opinion of the court.

William T. Baggett, J. Q. White, Walter H. Linforth, and
George E. Whitaker, for Appellant.

Seawell & Pemberton, for Respondent.

HARRISON, J. — Action to quiet title to certain land in
the county of Mendocino.   Judgment was rendered in favor of
the defendant, from which the plaintiff has appealed, upon the
judgment roll, without any bill of exceptions.   The following
facts appear from the findings of the court: —

In an action for divorce pending in the superior court,
wherein George E. White was plaintiff and the plaintiff herein
was defendant, a receiver was appointed, "to take the custody
and charge of and care for the property of said George E.
White, for the purpose of maintaining and preserving the right
of said Frankie White, and to enable the court to enforce any
judgment finally rendered in said action"; and thereafter,
while said action was pending, the court, upon application of
the said George E. White, granted him permission to mortgage
certain of his real estate to the extent of six thousand dollars,
in pursuance of which, on March 3, 1894, he executed a mort-

gage to one Fairbanks, which included the lands described in the complaint herein. Under a similar order of the court he executed a mortgage to Costigan, the defendant herein, upon certain of his lands, other than those included in the complaint herein, to secure the sum of two thousand five hundred dollars. January 15, 1895, Fairbanks commenced an action for the foreclosure of his mortgage, making Costigan and the aforesaid receiver parties defendant thereto. Costigan appeared in said action and filed a cross-complaint, asking for the foreclosure of his mortgage, and that the lands described therein be sold under the same decree as that of Fairbanks. The receiver also appeared and answered the complaint of plaintiff and the cross-complaint of Costigan, and set up, by way of cross-complaint, all the rights the said Frankie White had or claimed to have in said land. After the commencement of the action, Walter H. Linforth became, by assignment, the owner of the Fairbanks mortgage, and was substituted as plaintiff therein in the place of Fairbanks. Upon the trial of the cause, the superior court rendered its judgment for the foreclosure of the two mortgages, and directed a sale of the property described therein, and the application of the proceeds of said sale. Under an order of sale issued upon this judgment, the sheriff of Mendocino County sold the said lands, March 6, 1897, in several parcels, to W. H. Linforth, and gave to him a certificate of said sale, and caused a duplicate thereof to be recorded in the office of the county recorder. The lands described in the complaint herein were sold for five hundred dollars. March 26, 1897, the sheriff returned the order of sale, setting forth that the judgment in favor of Fairbanks had been fully satisfied, and that upon the judgment in favor of Costigan there was a deficiency of $3,937.34. Judgment was thereupon docketed against George E. White, in favor of Costigan, for this amount.

Before the time for a redemption from said sale had expired, Costigan, claiming to be a redemptioner, gave to the sheriff a written notice of redemption of the lands described in the complaint herein, together with a properly certified copy of the docket of the above-named deficiency judgment, by virtue of which he claimed the right to redeem, and an affidavit of the amount due thereon, and paid to the sheriff the sum for which said lands had been sold, together with interest thereon at the rate of two per cent per month. This money was accepted by the sheriff, and by him paid over to Linforth,

who accepted and has retained the same. Upon his receipt of said money, the sheriff gave to the defendant herein a certificate of redemption, and at the expiration of sixty days thereafter executed to him a deed of said land. After Linforth had received the money from the sheriff, and before the commencement of this action,—viz., September 8, 1897,—he executed and delivered to the plaintiff a quitclaim deed of the lands described in the complaint herein. The plaintiff gave no consideration for said deed, and at the time it was made and delivered to her, knew of the attempted redemption by the defendant herein, and of the receipt and acceptance of the redemption-money by Linforth.

By an order of the superior court in which said action of divorce was pending, made April 12, 1895, the receiver was directed to sell at public auction certain lands therein described, or enough thereof to raise the amount of one hundred thousand dollars, awarded to the plaintiff herein by the final decree in said action; and in pursuance of said order he sold certain lands, including those described in the complaint in this action, to the plaintiff herein. This sale was confirmed by the court, May 5, 1896, and under its order then made the receiver executed to the plaintiff a conveyance of all the interest of the said George E. White in said lands. The date of said deed is not given in the findings, but it was recorded November 21, 1896.

Although by bringing an action to quiet her title to the real estate against the claim of the defendant the plaintiff seeks such relief as is peculiar to equity, yet the facts upon which her title depends, as well as her right to such relief, involve only the application of legal rules, and do not call for the application of any principles of equity. She has no title to the lands described in the complaint, except such as she acquired by virtue of her purchase at the receiver's sale, and by virtue of the quitclaim deed from Linforth. It is not necessary to determine whether, upon the facts shown by the record herein, she acquired any title under the receiver's sale. (See, however, *White* v. *White*, 130 Cal. 597.[1]) That sale was not made until Fairbanks had commenced the action to foreclose his mortgage, and as she did not then have any interest in the lands covered by the mortgage, she was not a necessary or

[1] 80 Am. St. Rep. 150.

proper party to the foreclosure suit. The mortgage to Fairbanks was executed under an order of the superior court therefor, made upon a notice wherein she was a party. That order was affirmed in this court (*White* v. *White*, 33 Pac. Rep. 399), upon an appeal therefrom by her, and she must be held to be concluded thereby from questioning its effect, or the sufficiency of the mortgage executed in pursuance thereof. The court, moreover, finds that, under the permission of the superior court, the receiver in the divorce suit was made a party defendant therein, both to the complaint of Fairbanks and the cross-complaint of Costigan, and that he appeared and answered the same, "and set up, by way of cross-complaint, all the rights the said Frankie White had or claimed to have in said lands, and during the entire pendency of said action to foreclose said mortgages the plaintiff in this action had full notice and knowledge of its pendency and prosecution." Whatever interest the plaintiff acquired at the receiver's sale was therefore taken by her subject to the mortgage to Fairbanks and to the sale that might be made under the judgment in the suit for its foreclosure. After such sale she would have a statutory right of redemption therefrom, as the successor in interest of the mortgagor; but unless she made such redemption, all her claim or interest in the land would be foreclosed upon the execution of the deed from the sheriff to the purchaser or his assignee. By his purchase at that sale, Linforth acquired all the title to the land which was held by George E. White at the date of the mortgage, and if no redemption had been made, he would have been entitled to a sheriff's deed, upon the execution of which the plaintiff would cease to have any interest in the lands.

If it should be conceded that Costigan was not a redemptioner, as defined in the code, or authorized to redeem from the sale, it would not follow that, under the facts found herein, the sheriff's deed to him was ineffective to convey the title. Whether a person seeking to redeem from a sheriff's sale is authorized to make such redemption, is a question which concerns him and the purchaser alone. If the purchaser is willing to consider him as a redemptioner, and accepts and retains the redemption-money paid by him, he cannot thereafter question the effect of such redemption. (*Abadie* v. *Lobero*, 36 Cal. 390; *Pearson* v. *Pearson*, 131 Ill. 464; *Hervey* v. *Krost*, 116 Ind. 268.) "If a redemption made by a disqualified person is acquiesced

in by the purchaser, or other person from whom the redemption is made, it will estop such person, after he has received the redemption-money, from denying the validity of the redemption." (Freeman on Executions, sec. 317.) By accepting and retaining the money paid by Costigan as a redemption from the sale, Linforth was estopped from disputing that a redemption had been made, and, so long as he retained the money paid by Costigan, could not question the sufficiency of the redemption, or that the sheriff's deed vested Costigan with all the title of White that had passed at the foreclosure sale. A redemption from the purchaser at a sheriff's sale, and the issuance thereon of a certificate of redemption, is equivalent to an assignment of the certificate of sale; and the acceptance by Linforth, and his retention of the money paid to the sheriff, was a ratification of Costigan's act of redemption, and had the same effect as if Linforth had executed to Costigan an assignment of his certificate of sale. (*Abadie* v. *Lobero*, 36 Cal. 390.) His quitclaim deed to the plaintiff had no greater effect than an assignment of the certificate of sale would have had, and as it was not made until after the above redemption had been made, it can be regarded as having no greater effect than would a second conveyance of property after he had already parted with his interest therein. The court, moreover, finds that the plaintiff gave no consideration for the deed, and that she knew at the time of its execution of the attempted redemption by Costigan, and of the receipt and acceptance of the money on the part of Linforth.

As the plaintiff has not received any conveyance from the sheriff, the legal title is not vested in her, nor do the facts found by the court disclose any equity in her favor against the defendant.

The judgment is affirmed.

Garoutte, J., Van Dyke, J., Temple, J., and Beatty, C. J., concurred.

McFARLAND, J., dissenting. — I dissent. Upon the face of the record in this case, appellant acquired title to the land in controversy under the receiver's deed. No facts appear here affecting the validity of that deed; and the court expressly found that the order of sale and the order confirming the receiver's sale were duly made and entered by the court, and that

thereafter a deed was executed by the receiver to appellant, conveying to her "all the right, title, and interest of the said George E. White in and to" certain lands, which include the land here involved.   Under this original title she had a right to redeem, which was not affected by the transactions between the defendant and Linforth, and the deed to her from Linforth was, in legal effect, a redemption.   But I think that, under the circumstances, defendant had an equitable lien for the amount paid by him to Linforth; and as a condition to the quieting of appellant's title, she should be required to pay that amount, with interest, to defendant within a reasonable time, to be fixed by the court.   I think that the judgment should be reversed, with directions to render judgment on the findings as above indicated.