ANNA ACKERMAN et al., Appellants, v. FIRST TRUST JOINT STOCK LAND BANK et al., Appellees.

No. 44994.

April 2, 1940.

DeWolf & DeWolf and McCoy & Beecher, for appellants.

Rogers & Ruppelt, John H. Behnke, and Pike, Sias & Butler, for appellees.

Stiger, J.—In March 1923, plaintiffs Charley and Anna Ackerman, husband and wife, executed a mortgage on their fractional one-quarter section of land consisting of 120.54 acres to the First Trust Joint Stock Land Bank of Chicago in the sum of $12,000, title to the real estate being in Charley Ackerman. Plaintiffs resided on this farm. In March 1931, Charley Ackerman executed to defendant William Oldenburger his unsecured promissory note in the sum of $5,000. Mrs. Ackerman did not sign this note. Oldenburger obtained judgment against

Ackerman on this note in 1936. The Land Bank commenced a foreclosure action, making Oldenburger a party defendant. Plaintiffs; defendants in the foreclosure suit, obtained a continuance under the moratorium statutes. A second application for continuance was denied because there was no reasonable probability that the Ackermans could refinance their indebtedness. On October 18, 1937, Ackerman conveyed the real estate to his wife. On October 25, 1937, a decree of foreclosure was entered. The Land Bank purchased the land at sheriff's sale on special execution, receiving a certificate of sale on December 4, 1937. The regularity of the sale is not challenged.

Oldenburger, under the provisions of sections 11789 and 11790, 1935 Code, filed his affidavit stating that as a judgment lienholder he was entitled to redeem from the sheriff's sale, giving the amount of his judgment, and stating that he was willing to credit the debtor $5,000 on his judgment. Thereupon, Oldenburger paid to the clerk of the district court $13,555.13 to redeem the property from the sale. This money, which was the amount called for by the certificate, was sent to the Land Bank which filed a surrender and assignment of the certificate which reads:

"The First-Trust Joint Stock Land Bank of Chicago, plaintiff in the above entitled cause and holder of the Sheriff's Certificate of Sale of the real estate therein, having been served with a notice by the Clerk of the Grundy County Iowa District Court that said security has been redeemed by the defendant, William Oldenburger, who, in making said redemption, complied in all respects with the provisions of the statute governing the rights of junior lienholders to redeem, and deposited with said Clerk of Court the sum of $13,555.13, hereby acknowledges the receipt of the sum of $13,555.13, and in consideration thereof and for the purpose herein stated hereby surrenders possession of said Sheriff's Certificate and assigns all its right, title and interest therein unto William Oldenburger this 12th day of September, A. D. 1938."

Plaintiffs, titleholders, made no attempt to redeem during

the period of redemption. After the year of redemption had expired, plaintiffs brought this suit to restrain any action with regard to the certificate which was in the possession of the sheriff, alleging that the judgment of defendant was not and never has been a lien against the homestead of the plaintiffs on the 120 acres; that he had no right to make statutory redemption as a junior lienholder and has no standing in court as such because of the fact that the certificate of purchase at foreclosure sale covered and included all the lands, including the homestead of these plaintiffs.

Defendant Oldenburger alleges in his separate answer that plaintiffs did not attempt to make a statutory redemption; that under its certificate of sale, the First Trust Joint Stock Land Bank of Chicago would now have been entitled to a sheriff's deed to all of the said real estate and that since payment to the said bank of the full amount due under the certificate of sale by this defendant, he is an equitable assignee of the certificate of sale and entitled to receive the certificate and an assignment thereof, and now entitled to a sheriff's deed to the real estate included therein. The plaintiffs will be referred to as appellants and William Oldenburger will be referred to as the defendant.

It is conceded that defendant's judgment is not a lien on the 40 acres that constituted appellants' homestead and that appellants made no attempt to redeem their land from the sale.

I. The position of appellants is that defendant's judgment was not a lien on the homestead and therefore he was not a junior lienholder within the meaning of the Iowa statutes and was not entitled to redeem and acquired no right, title or interest; that defendant was a stranger, an interloper, and did not become an equitable assignee of the certificate of sale but elected to make a statutory redemption under which he obtained no rights in the real estate. They claim that Anna Ackerman is the absolute owner of the entire farm, free of encumbrances, or, as an alternative, that she is the owner of the homestead free of encumbrances. With reference to their claim to the homestead, appellants state:

"If he succeeded in redeeming any property at all; which we emphatically deny, he should be decreed to have paid the entire amount of the sale price on execution under the mortgage foreclosure for the real estate included in the farm other than the homestead forty acres. This would leave the homestead forty acres free from all liens and judgments of every kind and character."

None of appellants' propositions can be sustained. Defendant's judgment was a lien on all of the mortgaged real estate except the homestead. He was a junior lienholder. He had a right to redeem from the sale.

Section 11782 provides that the terms of redemption, when made by a creditor, shall in all cases be the reimbursement of the amount bid or paid by the holder of the certificate, etc. Defendant complied with this statute.

Section 11793 provides that a redeeming creditor is entitled to receive an assignment of the certificate issued by the sheriff to the original purchaser. The Land Bank, original purchaser, surrendered the certificate and made the assignment to which defendant was entitled.

We must keep in mind that appellants did not redeem and are not attempting to redeem. If they had attempted to redeem during the redemption period, under the provisions of section 11784 they were obligated to pay into the clerk's office "the amount of the certificate, and all sums paid by the holder thereof in effecting redemptions, added to the amount of his own lien, or the amount he has credited thereon, if less than the whole, * * *."

If appellants considered there was a question, because of their homestead rights, as to amount necessary to effect a redemption from defendant's judgment lien, they could have proceeded to determine the amount necessary to make redemption under the provisions of section 11792. Regardless of this question, appellants, in making redemption, would be required to pay the amount of the certificate whether held by the original purchaser or defendant. The fact that defendant did not have

a lien on the homestead did not deprive him of the right to redeem from the purchaser at execution sale. See Northwestern Mut. Life Ins. Co. v. Hansen, 205 Iowa 789, 218 N. W. 502. Appellants having failed to make a statutory redemption as titleholders, defendant is the owner of the certificate and entitled to sheriff's deed.

■ II. Appellants concede that if defendant had purchased the land from the bank he would have succeeded to all the rights of the bank and they would have been compelled to redeem within the redemption period. They contend that because defendant elected to make a statutory redemption and had no right to redeem, was a stranger to the transaction, he cannot prevail as an equitable assignee.

We held in division I that defendant was not an interloper and made a statutory redemption. Assuming the truth of appellants' contention that defendant did not have a right to redeem, we hold that he is entitled to a sheriff's deed to the land as an equitable assignee. Defendant clearly thought he had a right to redeem from the sale and attempted to make a statutory redemption. The bank accepted the money that the defendant paid into the clerk's office and surrendered the certificate to the clerk, assigning it to the defendant. As between the bank and defendant, the redemption was accomplished. It could make no difference to appellants whether the original purchaser or defendant was the holder of the certificate.

Our conclusion is sustained by prior decisions of this court.

In Gilbert v. Husman, 76 Iowa 241, 243, 41 N. W. 3, 4, the plaintiffs did not have a statutory right to redeem because they were strangers to the title. The court states:

"The contention of counsel for the appellant is that the transaction between the plaintiffs and Parks amounted to the payment of the prior lien by a stranger to the title; that the plaintiffs were mere intermeddlers. This, we think is a mistake. When all the controverted facts are eliminated, the transaction amounted to this: The plaintiffs, under the mistaken notion that they had such right, desired to redeem, and Parks directed

them to pay the money to the clerk. They did so, and Parks received the money from the clerk and left the certificate of purchase with the latter. This, we think amounted to an equitable assignment of the certificate, and thereunder the plaintiffs are entitled to all the rights of Parks. The money was paid at the place and to the person directed by the latter, and, although he had previously declined to assign the certificate, the receipt of the money and delivery of the certificate clearly, in our opinion, amounted to an equitable assignment of the latter.''

See Hurn v. Hill, 70 Iowa 38, 29 N. W. 796 and Byer v. Healy, 84 Iowa 1, 50 N. W. 70.

The trial court was right in dismissing appellants' petition and adjudicating that defendant was the owner of the said sheriff's certificate of sale.—Affirmed.

HAMILTON, C. J., and MILLER, HALE, and BLISS, JJ., concur.

OLIVER, MITCHELL, and SAGER, JJ., concur in result.