WILSON *v.* KITCHENS.

4-9453

239 S. W. 2d 270

Opinion delivered April 16, 1951.

Rehearing denied June 4, 1951.

*Keith & Clegg* and *Gaughan, McClellan & Gaughan,* for appellant.

*W. H. Kitchens, Jr., E. B. Kimpel, Jr.,* and *J. R. Wilson,* for appellee.

ROBINSON, J. On the 24th day of July, 1936, certain lands, some of which were owned individually by Wade Kitchens, some owned individually by J. B. Wilson, and others owned jointly by both parties, were sold at an exe-

cution sale on a judgment in favor of R. S. Warnock against Kitchens and Wilson. The sale was subject to a mortgage on the lands in favor of T. P. Lester. Alvin Rogers was the purchaser at the execution sale and, in turn, conveyed the property to J. B. Wilson.

On December 30, 1936, Mrs. Maude Bird, daughter of J. B. Wilson, acquired the mortgage lien of T. P. Lester and foreclosed this mortgage on September 11, 1937. Mrs. Bird bought the lands at the Lester mortgage foreclosure sale subject to a one-year statutory period of redemption in favor of the then owner J. B. Wilson. At that time Kitchens was contending that he and J. B. Wilson were partners and, since undoubtedly Wilson had the right to redeem from the sale under the Lester mortgage, Kitchens thought that, as a partner of Wilson, he could also redeem. He endeavored to get Wilson to join him in redeeming the lands from Wilson's daughter, Mrs. Bird; but Wilson steadfastly refused to do so.

On the next to the last day before the one-year statutory period of redemption expired, Kitchens paid into the registry of the court the amount of the judgment on the T. P. Lester mortgage, also the interest, costs, and taxes, totalling a sum of $8,303.13. The Clerk of the Court paid this money to Mrs. Bird, who accepted it as payment in full for her interest in the lands.

The dealings between Kitchens and Wilson were involved and complicated, resulting in litigation between the parties which reached this Court in the case of *Bird* v. *Kitchens,* 215 Ark. 609, 221 S. W. 2d 795. Kitchens claimed in this case that he and Wilson were partners. In speaking of Wilson and Kitchens, the Court said: "We hold, therefore, that they were not partners, but were dealing at arms length with a joint obligation at the time of this execution, in the circumstances, and no fiduciary relationship existed between them."

Such being the case, Kitchens had no right to redeem from the foreclosure of the Lester mortgage. He had lost all interest in the lands by reason of the execution sale on the Warnock judgment, the lands having been bought at such sale by Rogers and transferred to Wilson, and the

period of redemption having expired. But, both Kitchens and Mrs. Bird thought and agreed that Kitchens had the right to redeem and, at that time, this Court had not held that Kitchens and Wilson were not partners.

Wilson could have redeemed from his daughter, Mrs. Bird, and, since it developed that Kitchens had no right to redeem, Wilson could have redeemed from Kitchens at any time before the one-year statutory period of redemption expired.

"Where one who is not entitled under the Statute to redeem nevertheless does so, and has his redemption money accepted, he may become a redemptioner for all purposes, and holds the property subject to further redemption by others." 59 C. J. S. 1594.

Wilson failed to redeem and thereby lost all interest he had in the lands. Wilson died in 1946 and his heirs have no interest in the property because Wilson had lost all interest prior to his death by not redeeming within the period of redemption. Section 51-1111, Ark. Stats., provides: "In all cases where real property is sold under an order or decree of the Chancery Court, or a court exercising chancery jurisdiction in the foreclosure of mortgages and deeds of trust, the mortgagor, his heirs or legal representatives, shall have the right to redeem the property so sold at any time within one year from date of sale. * * * "

On page 48 of appellants' brief, it is stated: "It is the contention of the appellants that, if Wade Kitchens had the right to redeem at all, his redemption had the same effect that any other redemption would have under our Statute, and that the redemption had the effect of extinguishing the mortgage lien and satisfying the mortgage, and the title to the lands was revested in the original mortgagors, subject to the right of contribution from the heirs of J. B. Wilson for their proportionate part of the amount paid to redeem."

The answer to this contention is that, since this court has held that Kitchens and Wilson were not partners but dealt at arms' length, Kitchens had no right to redeem,

having lost his interest in the property at the execution sale on the Warnock judgment.

Since the Wilson heirs own no interest in the property because of J. B. Wilson's failure to redeem from the foreclosure sale on the Lester mortgage within the statutory period of redemption, it necessarily follows that the next question is: Did Kitchens acquire title by equitable assignment from Mrs. Bird when he paid and she accepted the $8,303.13 for what they both thought was a redemption by Kitchens? The clear weight of authority is that, in circumstances of this kind, the redemptioner acquires the title.

In the case of *Ackerman, et al.* v. *First-Trust Joint Stock Land Bank of Chicago,* 228 Ia. 275, 291 N. W. 150, it is said: "Assuming the truth of appellants' contention that defendant did not have a right to redeem we hold that he is entitled to a sheriff's deed to the land as an equitable assignee. Defendant clearly thought he had a right to redeem from the sale and attempted to make a statutory redemption. The bank accepted the money that the defendant paid into the clerk's office and surrendered the certificate to the clerk, assigning it to the defendant. As between the bank and defendant, the redemption was accomplished."

"A stranger, having no interest in the mortgaged premises or no lien thereon, has no right to redeem, and an attempted redemption by a stranger is ineffective; but if the person entitled to the redemption money accepts it on the offer of a stranger, and retains it, an actual redemption is effected, and, as considered *infra* § 875, the rights of the person thus paid off, whether it be the mortgagee or the purchaser at the foreclosure sale, are terminated, and he cannot afterward repudiate the transaction; * * *." 59 C. J. 1594.

"The holder of a mortgage superior to the one foreclosed, assuming to be a redemptioner, when not made so by statute, who tenders the amount necessary to redeem, becomes, by the issuance to him of a certificate of redemption and the acceptance and retention by the holder of the certificate of sale of the money tendered, as between

himself and the party who parts with the certificate, a 'redemptioner.' However, one who is not made by statute a redemptioner, but thus acquires the rights of a redemptioner, also assumes the obligations and liabilities of a redemptioner, and it follows that he must permit the lawful redemptioner to redeem from him within the period given by statute to a subsequent lien holder by judgment or mortgage for such purpose." 37 Am. Jur. 215.

In the case of *White* v. *Costigan,* 134 Calif. 33, 66 Pac. 78, it is said: "Whether a person seeking to redeem from a sheriff's sale is authorized to make such redemption is a question which concerns him and the purchaser alone. If the purchaser is willing to consider him as a redemptioner, and accepts and retains the redemption money paid by him, he cannot thereafter question the effect of such redemption. *Abadie* v. *Lobero,* 36 Cal. 390; *Pearson* v. *Pearson,* 131 Ill. 464, 23 N. E. 418; *Hervey* v. *Crost,* 116 Ind. 268, 19 N. E. 125. If a redemption made by a disqualified person is acquiesced in by the purchaser or other person from whom the redemption is made, it will estop such person, after he has received the redemption money, from denying the validity of the redemption."

Even though Kitchens had lost all interest in the property by not redeeming from the execution sale on the Warnock judgment, he contended until this court held otherwise, that he was a partner with Wilson and had a right to redeem from the foreclosure sale on the Lester mortgage. Mrs. Bird also thought he had this right and consented to the redemption.

Since it developed that Kitchens had no right to redeem, the transaction amounted to an equitable assignment, and the Chancellor's decree in this respect is correct.

The case is affirmed.