**William VENINGA, Appellant,**

v.

**VALLEY STATE BANK OF ROCK VALLEY, Iowa, Appellee.**

No. 88–1331.

Supreme Court of Iowa.

July 19, 1989.

John P. Duffy of Connell & Duffy, P.C., Storm Lake, for appellant.

Thomas L. Flynn and Thomas T. Tarbox of Wimer, Hudson, Flynn & Neugent, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO, and SNELL, JJ.

LAVORATO, Justice.

■ This appeal presents the following question: Is a judgment creditor who follows the statutory redemption provisions entitled to redeem homestead property? We think so and affirm the district court's summary judgment ruling in a quiet title action brought by William Veninga, the owner of the property, against the Valley State Bank of Rock Valley, Iowa, the judgment creditor.

On March 13, 1985, Valley sued Louis and William Veninga, seeking a judgment on a promissory note. Valley also sought foreclosure of a deed of trust on 320 acres of farmland owned by the Veningas as tenants in common.

Several months later, the Equitable Life Assurance Society of the United States started a foreclosure action in which it named Louis Veninga, William Veninga, and Valley as defendants. The Veningas were named because they had executed a mortgage with Equitable on substantially the same real estate covered by Valley's deed of trust. Valley was named as a party because its deed of trust created a lien in favor of Valley that was junior to Equitable's mortgage lien.

Equitable's foreclosure action went to judgment in September 1985. On November 14 the Veningas' interest in the real estate was sold to Equitable at a sheriff's sale. Equitable bid the property in for $306,669.56.

The following April, Valley's foreclosure action was tried. In June the district court entered its decree, finding that: (1) Louis and William Veninga were jointly and severally liable, as partners, on the note to Valley in the amount of $365,942.75, together with interest and costs; (2) the 320 acres were not partnership property; and (3) Louis had signed William's name to Valley's deed of trust without William's authorization.

The court ordered that: (1) the deed of trust be foreclosed against Louis, (2) a special execution be issued against his interest so that it could be sold to satisfy the judgment, and (3) a general execution be issued by the clerk against the undivided interest of William in the real estate.

Pursuant to the court's decree, the clerk did issue a general execution against William's interest in the real estate. The sheriff levied upon William's interest and scheduled a sheriff's sale for August 11, 1986. The sheriff then filed a petition for intervention, asking the court for relief from the scheduled sale because the property had already been sold to Equitable at the sheriff's sale on November 14, 1985.

On August 12, 1986, Valley redeemed the property from Equitable, paying the sum of $330,488.96. The figure represented the amount of Equitable's judgment plus $23,819.40 in accrued interest. In addition, Valley bid in an extra $200,000 for the property. The $200,000 was credited against Valley's judgment in its own foreclosure action, leaving a deficiency on the judgment of $165,942.75 plus costs, attorney's fees, and additional interest. Valley filed a lienholder's affidavit pursuant to Iowa Code sections 628.18 and 628.19 setting out these facts.

On January 8, 1987, the clerk of court, in an instrument entitled "assignment," confirmed that Valley had redeemed the property. In addition, the instrument provided that

[a]s a result of this redemption, the sheriff's certificate of purchase is hereby assigned to Valley State Bank, Rock Valley, Iowa and the sheriff is authorized to deliver a sheriff's deed at the conclusion of the redemption period, if no further redemptions occur.

There were no further redemptions. A sheriff's deed was ultimately issued to Valley conveying all real estate covered by Equitable's mortgage, except two 46' × 46' tracts, which were described as the "residences or dwellings occupied by the mortgagors and the real property upon which the same are situated."

On June 30, 1986, the Veningas sued Equitable in the state district court, claim-

ing that the November 14 sheriff's sale was void because no homestead had been platted by the sheriff as required by Iowa Code section 561.5 (1985). They sought to have the court set aside the sheriff's sale, set a market value for the homestead, and then declare the homestead redeemable under Iowa Code section 654.16 (1987). The case was removed to federal district court. After the removal, Valley, on September 30, 1986, was allowed to intervene, and it filed an answer denying all material allegations of the petition.

Equitable filed a motion for summary judgment, which was granted by the federal district court in January 1988. The court noted from the legal description in the sheriff's certificate that the two 46′ × 46′ tracts were excepted as the homestead of the Veningas. The court observed that from this description, it appeared that the sheriff had not levied on the Veningas' homestead. But the court then noted that the Veningas were claiming the two tracts only included two dwellings with one foot around each one. This, of course, was far less than the 40 acres allowed as a homestead by Iowa Code section 561.2 (1985), to which, apparently, the Veningas were claiming they were entitled.

The federal district court found that: (1) the Veningas had submitted to the sheriff a plan of division for the sale of the land pursuant to Iowa Code section 626.84; (2) the plan had directed the sheriff to sell all of the mortgaged property in nine 40–acre parcels; (3) the sheriff had attempted to sell the real estate in parcels according to the Veningas' plan but the parcel sale bids were not enough to satisfy the judgment; (4) because the parcel sale bids were not enough to satisfy the judgment, the sheriff had sold the property en masse; and (5) the Veningas had expressly waived their homestead rights in the mortgage to Equitable. Relying on this last finding as to waiver, the court concluded that section 561.5 did not apply, and it granted the motion for summary judgment. The Veningas did not appeal from this ruling.

Several months after the federal district court ruling, William Veninga brought the present action against Valley, seeking to quiet title to the forty acres encompassing the two 46′ × 46′ tracts excepted in the Equitable mortgage as the Veningas' homestead. William alleged that Valley had no interest in the homestead because, as a judgment creditor, it had no lien on the homestead and, consequently, no right to redeem it. Valley answered, raising three defenses: claim preclusion, issue preclusion, and laches.

Shortly after filing its answer, Valley moved for summary judgment, which William resisted. The district court granted the motion, relying on the doctrine of claim preclusion. It is from this ruling that William has appealed.

When, as here, no factual dispute exists and no conflicting inferences may be drawn from the facts, we review the district court's conclusions only to correct errors of law. *State v. Cullison,* 227 N.W.2d 121, 126 (Iowa 1975).

I. On appeal William contends the district court erred in granting Valley's motion for summary judgment because claim preclusion simply does not apply. We need not consider whether claim preclusion applies because it is clear from the record that a more compelling reason appears to support the district court's ruling. *See Kelly v. Iowa Valley Mut. Ins. Ass'n,* 332 N.W.2d 330, 333 (Iowa 1983) (supreme court does not have to adopt district court's premise in order to sustain its conclusion).

We think this case is controlled by *Ackerman v. First Trust Joint Stock Land Bank,* 228 Iowa 275, 291 N.W. 150 (1940). In *Ackerman* the plaintiffs, husband and wife, executed a mortgage on a 120–acre farm in the husband's name only. The mortgagors claimed that 40 acres of the farm was their homestead. After execution of the mortgage, the husband signed a promissory note upon which the payee later secured a judgment against the husband. The mortgagee then proceeded to foreclose, naming the husband's judgment creditor, as well as the mortgagors, defendants in the suit. Foreclosure was decreed, and the mortgagee purchased the farm at a sheriff's sale on special execu-

tion. The mortgagee received a sheriff's certificate of sale.

The judgment creditor, pursuant to the provisions of Iowa Code sections 11789 and 11790 (1935) (now sections 628.18 and 628.-19), filed an affidavit, stating that as a judgment lienholder he was entitled to redeem from the sheriff's sale. The creditor paid into the clerk's office the sum of $13,-555.13, the amount called for by the sheriff's certificate. The creditor also credited the husband with the amount of the creditor's judgment. Upon receiving the amount paid by the judgment creditor, the mortgagee assigned all of "its right, title and interest," in the sheriff's certificate to the judgment creditor.

The mortgagors made no attempt to redeem during the one-year period of redemption provided by law. After the redemption period expired, they sued the judgment creditor and the mortgagee to restrain any action regarding the sheriff's certificate of sale, which was still in the sheriff's possession. The mortgagors asserted that the judgment creditor had no right to make a statutory redemption because his judgment was not a lien on the homestead, precluding him from holding the position of a junior lienholder. The judgment creditor answered that by virtue of his payment of all that was called for by the sheriff's certificate he was an equitable assignee of the certificate, entitled to receive it and the sheriff's deed. After a decision adverse to their position, the mortgagors appealed, raising the same assertions.

Although we conceded that a judgment creditor has no lien on a homestead, we rejected the assertion that such a creditor has no right to make a statutory redemption of such property. *Ackerman*, 228 Iowa at 278–80, 291 N.W. at 151. We also determined that the judgment creditor should prevail on the alternative ground that he was an equitable assignee:

> We held in division one that [the judgment creditor] was not an interloper and made a statutory redemption. Assuming the truth of [the mortgagors'] contention that [the judgment creditor] did not have a right to redeem, we hold that he is entitled to a sheriff's deed to the land as an equitable assignee. [The judgment creditor] clearly thought he had a right to redeem from the sale and attempted to make a statutory redemption. The [mortgagee] accepted the money that the [judgment creditor] paid into the clerk's office and surrendered the certificate to the clerk, assigning it to the [creditor]. As between the [mortgagee] and [the judgment creditor], the redemption was accomplished. It could make no difference to [the mortgagors] whether the [mortgagee] or [the judgment creditor] was the holder of the certificate.

*Id.* at 280, 291 N.W. at 152; *accord Gilbert v. Husman*, 76 Iowa 241, 243, 41 N.W. 3, 4 (1888) (under theory of equitable assignment, one who has no statutory right to redeem is still entitled to sheriff's certificate upon payment called for by certificate).

Our decision in *Ackerman* is seemingly in conflict with what we held in *Spurgin v. Adamson*, 62 Iowa 661, 664–65, 18 N.W. 293, 294–95 (1884), a case heavily relied upon by Veninga as far as the merits of his case are concerned. *Spurgin* stands for the proposition that a mere judgment creditor has no lien upon the debtor's homestead and, thus, has no right to redeem the same from one who purchases it under the foreclosure of a senior mortgage. One possible distinction might be that in *Spurgin* the judgment creditor's statutory period of redemption had expired and, consequently, the creditor was relying on an equity of redemption. *See id.*

■ We made no mention of *Spurgin* in *Ackerman*. In any event, we think *Ackerman* was correct on both grounds stated in the opinion. Although a judgment creditor does not have a lien on the homestead, *see Brown v. Vonnahme*, 343 N.W.2d 445, 446 (Iowa 1984), we think such a creditor is still a junior lienholder within the meaning of our statutory redemption statutes. As long as the creditor follows the redemption procedure, the redemption is accomplished even though the property may be a homestead.

Moreover, the reasoning in *Ackerman* persuades us that its equitable assignment rule is logical and fair. The rule that a judgment creditor has no lien on the homestead is not inconsistent with the application of the equitable assignment rule in circumstances similar to those in *Ackerman*.

Accordingly, we overrule *Spurgin* to the extent it is inconsistent with *Ackerman*.

■ Here, Valley, as a judgment creditor, had a statutory right to redeem from Equitable provided it: (1) paid off Equitable's bid, including costs and interest; and (2) filed a lienholder's affidavit, stating the nature of the lien, the amount still due and unpaid, and the amount with which it was willing to credit Veninga. *See* Iowa Code §§ 628.11, 628.15, 628.18, 628.19.

Veninga had a right to redeem at any time within one year after the sheriff's sale. That right was exclusive for the first six months. *See* Iowa Code § 628.3. If Veninga had a question, because of his homestead rights, about the amount necessary to effect a redemption from Valley's judgment lien, he could have proceeded to determine such amount by following the provisions of section 628.21. Valley had a right to redeem for a period of nine months from the date of such sale. Iowa Code § 628.5. By virtue of such a redemption, Valley would be entitled to "the property absolutely," provided Veninga did not redeem within one year after the sheriff's sale. Iowa Code § 628.16.

It is undisputed that Valley, thinking it had a right to redeem, made the payments and filed the lienholder's affidavit necessary to entitle it to redeem from Equitable. It is also undisputed that this occurred within the nine-month statutory redemption period for creditors and that Veninga did not redeem within the one-year statutory period for debtors. Finally, it is undisputed that Veninga did not seek to determine what amount he would have to pay to redeem from Valley's judgment lien.

In these circumstances, Valley was entitled to receive an assignment of the sheriff's certificate issued to Equitable. *See* Iowa Code § 628.22.

The assignment was made, entitling Valley to a sheriff's deed as an equitable assignee. *See* Iowa Code § 626.95; *see also Ackerman*, 228 Iowa at 280, 291 N.W. at 152. As between Equitable and Valley, the redemption was accomplished. It could make no difference to Veninga whether Equitable or Valley was the holder of the certificate. *See Ackerman*, 228 Iowa at 280, 291 N.W. at 152.

Valley ultimately received a sheriff's deed, which conveyed all of Equitable's right, title, and interest in the property to Valley. *See Wilson v. Wilson*, 220 Iowa 878, 881, 263 N.W. 830, 832 (1935) (grantee in sheriff's deed succeeds immediately to all rights of grantor in realty). That interest included all of the real estate except the two tracts of land measuring 46' × 46'.

■ II. In summary, we hold that a judgment creditor is a junior lienholder for purposes of our statutory redemption statutes. As such, the creditor, by following the statutory redemption procedures, can accomplish a redemption of homestead property. In the alternative, upon payment of the amount called for by the sheriff's certificate of sale, the judgment creditor is an equitable assignee entitled to receive the sheriff's certificate of sale. Such a creditor is also entitled to receive the sheriff's deed in the event no redemption is made within the time required by law by parties entitled to do so.

Because it was undisputed that Valley had effected a statutory redemption, the district court properly granted its motion for summary judgment even though its reason for doing so was different from ours. We therefore affirm.

AFFIRMED.